Matthew Kumin (State Bar No. 177561)
Law Office of Matthew Kumin
1939 Harrison Street, Suite 307
Oakland, CA 94612
Tel. and Fax: (415) 655-7494
E-mail: matt@mattkuminlaw.com

Attorneys for Plaintiffs and
the Putative Class and PAGA Representatives

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sulamain Esmyatar, Oswaldo Daniel Ramos Montes De Oca, and Mohamed Ibrahim on behalf of themselves and others similarly situated, <br><br><br> Plaintiffs, <br><br> v. <br><br> McGee Air Services Inc., a Washington Corporation, and Does 1 through 50, Inclusive, <br><br><br> Defendants. | Case No.: 3:22-CV-00744-VC <br><br> **FIRST AMENDED COMPLAINT** <br><br> 1. Failure to Reimburse in Violation of Cal. Lab. Code § 2802 <br> 2. Unfair Compensation in Violation of Cal. Lab. Code § 17200 <br> 3. Violation of the Private Attorneys General Act (PAGA) § 2698 et seq. <br><br><br> **DEMAND FOR A JURY TRIAL** |

Plaintiffs Sulamain Esmyatar, Oswaldo Daniel Ramos Montes De Oca, and Mohamed Ibrahim ("PLAINTIFFS"), on behalf of themselves and all other similarly situated current and former McGee Air Services, Inc. ("DEFENDANTS") employees state, on behalf of themselves and the putative class as follows:

## THE CONDUCT/NATURE OF THE ACTION

1. This class action arises out of the DEFENDANT'S systematic failure to reimburse its former and current employees (both exempt and non-exempt) who worked as aircraft fleet, ramp agents, customer service agents, and as supervisors of those positions, (all falling under

the term "AGENTS" for purposes of this action) for the use of their cell phones for the Company required communications and duties. Specifically, all McGee employees were and are entitled to compensation for using their personal cell phones for company-required cell phone communications and duties, and in some cases, for the use of personal cell phones to track aircraft landing via downloaded apps.

**PLAINTIFFS**

2.   PLAINTIFF Sulamain Esmaytar was employed by McGee, first as a Ramp Agent, then as a supervisor of agents, from November 26, 2018, until July 30, 2021. He became a supervisor on July 29, 2019. McGee terminated him on July 30, 2021. As an Agent, his workday consisted of handling baggage and marshaling aircraft for takeoff and gate approach. As a supervisor, he supervised and briefed AGENTS, took care of required paperwork, properly directed AGENTS, and assisted with AGENT-related duties. During the workday, he used his personal cell phone for work-related communications and duties. McGee did not reimburse him for his cell phone usage related to Company communications and duties.

3.   PLAINTIFF Oswaldo Daniel Ramos Montes De Oca has been employed by McGee since July 1, 2020, as a Ramp Agent. His workday consists of directing the aircraft to the appropriate gate, deplaning the baggage, and transporting the bags to the appropriate carousel. He transported the checked-in luggage from the bag room to the aircraft and directed the plane out of the gate for inbound aircraft. Throughout his shift, he used his personal cell phone for work-related communications and duties. Despite requiring Montes De Oca to use his personal cell phone for work-related purposes, McGee did not reimburse him for his cell phone usage.

4.   PLAINTIFF Mohamed Ibrahim has been employed with McGee since January 16, 2018 as a Service Agent. His workday consisted of cleaning out the aircraft and replenishing items such as menu cards, magazines, toiletries, ice, etc. Throughout his shift, he used his personal cell phone for work-related communications and duties. Despite requiring Ibrahim to use his cell phone for work-related purposes, McGee did not reimburse him for his cell phone usage.

5.   PLAINTIFFS, both current and former McGee employees, are employees who McGee

**FIRST AMENDED COMPLAINT**
**ESMYATAR ET AL. V. MCGEE**
**3:22-cv-00744-VC**

1  hired to perform and manage aircraft and aviation services such as ground handling, aircraft

2  cleaning, airport mobility, customer service, and check-in gate services at airports located in San

3  Francisco and Oakland. McGee provides contract services to various airlines throughout

4  California.

5      6.  PLAINTIFFS bring this Class Action on behalf of themselves and a CALIFORNIA

6  CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during

7  the CALIFORNIA CLASS PERIOD. McGee's policies and practices, namely, its ongoing failure

8  to reimburse these employees for their personal cell phone usage, directly led to this wage theft

9  and violation of the California Labor Code Section 2802, which requires employers to reimburse

10  all employees for any expenses incurred on the employer's behalf.

11     7.  PLAINTIFFS and the other members of the CALIFORNIA CLASS seek an injunction

12  enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFFS and the

13  other members of the CALIFORNIA CLASS who have been economically injured by

14  DEFENDANT'S past and current unlawful conduct, and all other appropriate legal and equitable

15  relief.

16                                    **DEFENDANTS**

17     8.  DEFENDANT McGee Air Services Inc. is a Delaware Corporation with its principal place

18  of business in Renton, Washington. It maintains its corporate headquarters at 707 S. Grady Way

19  Suite 600, Renton, WA 98057 and 1701 Airport Boulevard, San Jose, CA 95100. DEFENDANT

20  is a wholly owned subsidiary of Alaska Airlines that operates independently, focusing solely on

21  providing many airlines with airline services.

22     9.  DEFENDANT McGee Air Services, Inc. at all relevant times mentioned herein conducted

23  and continues to conduct substantial and regular business throughout California.

24     10. PLAINTIFFS are informed and believe, and based thereon allege, that the DEFENDANT

25  sued in this action, is directly or indirectly responsible in some manner for the occurrences,

26  controversies and damages alleged herein. PLAINTIFFS are informed and believe, and based

27  upon that information and belief allege, that the DEFENDANT named in this Complaint is

28

**FIRST AMENDED COMPLAINT**
ESMYATAR ET AL. V. MCGEE
3:22-cv-00744-VC

responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

11. The agents, servants and/or employees of the DEFENDANT and each of them acting on behalf of the DEFENDANT acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the DEFENDANT, and personally participated in the conduct alleged herein on behalf of the DEFENDANT with respect to the conduct herein alleged. Consequently, the DEFENDANT is liable to PLAINTIFFS and the other members of the CALIFORNIA CLASS, for the losses sustained as a proximate result of the conduct of the DEFENDANT'S agents, servants and/or employees.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over PLAINTIFFS claims because those claims are made pursuant to California state law, to wit, the California Labor Code and California unfair competition laws. DEFENDANT McGee, a Washington corporation doing business in California operates a third-party ("contracted") aircraft support business throughout California. McGee employees work at airports throughout California managing inbound and outbound flight support.

13. Venue is proper in this Court because one airport facility where class members work is the Oakland International Airport, located in Alameda County

## CLASS ACTION ALLEGATIONS

14. This action is brought by PLAINTIFFS Esmaytar, Ramos Montes de Oca, and Ibrahim ("PLAINTIFFS") and on behalf of others similarly situated as a class action pursuant to Code of Civil Procedure § 382.

15. The CALIFORNIA CLASS members consist of all current and former employees of McGee Air Services, Inc. ("McGee") within the State of California who worked as aircraft agents and Agent Supervisors ("AGENTS") at any time within the four years prior to the filing of this Complaint, and who McGee did not properly reimburse under California law.

16. **Numerosity**: The potential members of the CALIFORNIA CLASS are numerous, and joinder of all the potential members is impracticable. Upon information and beliefs,

1    DEFENDANT employ thousands of workers throughout California. The precise numbers of

2    CALIFORNIA CLASS members have not yet been determined but for the class during the class

3    period PLAINTIFFS estimate nearly 2,000. Although the precise number of such persons is

4    unknown, the facts on which the calculation of that number would be based are presently within

5    the sole custody and/or control of the DEFENDANT.

6        17. **Superiority/Risk of Separate Actions**: Class action treatment is superior to any

7    alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such

8    treatment will permit a large number of similarly-situated persons to prosecute their common

9    claims in a single forum simultaneously, efficiently and without the duplication of effort and

10   expense that numerous individual actions would entail. No difficulties are likely to be encountered

11   in the management of this class action that would preclude its maintenance as a class action, and

12   no superior alternative exists for the fair and efficient adjudication of this controversy. The

13   likelihood of individual CALIFORNIA CLASS members prosecuting separate claims is remote,

14   and individual CALIFORNIA CLASS members do not have a significant interest in controlling

15   the prosecution of separate actions. Additionally, the prosecution of separate actions by individual

16   CALIFORNIA CLASS members would create a risk of inconsistent and varying adjudications

17   concerning the subject of this action which, in turn, would establish incompatible standards of

18   conduct for DEFENDANT.

19       18. **Commonality:** Common questions of law and fact exist as to all members of the

20   CALIFORNIA CLASS and predominate over any questions affecting only individual members of

21   the CALIFORNIA CLASS. One main, common question of fact drives this action: Did McGee

22   fail to reimburse its employees for using their personal cell phones for business related

23   communications and duties? Failing to provide cell phone reimbursements to the CALIFORNIA

24   CLASS impacted each employee.

25       19. **Additionally, and More Specifically, Did DEFENDANT:**

26       a.   Violate California Labor Code § 2802 by not reimbursing employees for all necessary

27            expenditures or losses incurred by the employee, including using their personal cell

28   **FIRST AMENDED COMPLAINT**
     **ESMYATAR ET AL. V. MCGEE**
     **3:22-cv-00744-VC**

phones for company-related communications and duties throughout the workday?

20. Additional questions of law and fact include whether PLAINTIFFS are:

    a.  Entitled to civil penalties under the Labor Code Private Attorney General Act ("PAGA") pursuant to Cal. Lab. Code §§ 2698 et seq.?

21. PLAINTIFFS know of no difficulty that might be encountered in the management of this litigation that would preclude its maintenance as a class action.

22. **Typicality:** The claims of the named PLAINTIFFS are typical of the claims of the CALIFORNIA CLASS because they were all employees who, like the other members of the CALIFORNIA CLASS, sustained damages arising out of DEFENDANT'S fundamental failure to properly reimburse them for using their personal cell phones for company-related communications and duties throughout the workday.

23. **Adequacy of Representation:** The named PLAINTIFFS will fairly and adequately represent and protect the interests of the CALIFORNIA CLASS members. Counsel who represents the PLAINTIFFS are competent and experienced with employment and class actions involving violations of the California Labor Code. PLAINTIFFS have no interest that is contrary to or in conflict with the CALIFORNIA CLASS members.

24. **Ascertainability**: Although the specific identities of all of the CALIFORNIA CLASS members are not known at this time, the class is ascertainable and is defined as all current and former hourly McGee employees within the State of California within the four years prior to the filing of the Complaint in this action who were never reimbursed for using their cell phones for Company-related communications and duties as required under California law. Upon information and belief, PLAINTIFFS allege that DEFENDANT'S personnel, payroll and/or labor records will yield the identities of the CALIFORNIA CLASS members.

25. DEFENDANT has acted in a manner generally applicable to the CALIFORNIA CLASS members, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the CALIFORNIA CLASS members as a whole.

**FACTUAL BASIS OF PLAINTIFFS CLAIMS**

26. PLAINTIFFS are employees of McGee, hired to manage and perform aircraft management and aviation services such as ground handling, aircraft cleaning, airport mobility, customer service, and check-in gate services at airports located in San Francisco and Oakland. Based on information and belief, the DEFENDANT'S employees provide the foregoing services to airports located in Oakland, San Francisco, San Jose and Los Angeles.

27. McGee requires all PLAINITFFS and CALIFORNIA CLASS members to use their own cell phones for company-related communications and job-related duties throughout the workday. Labor Code section 2802 requires an employer to indemnify his or her employees for all necessary expenditures or losses incurred by the employees in direct consequence of the discharge of his or her duties. Here, McGee required its employees to use their own cell phones while on duty, and the employees used their cell phones to discharge assigned duties.

28. Although McGee provided some radios for some communications, McGee's supervisors relied on these company-supplied communication and logistics management tools for only a small fraction of daily, required communications. Instead, the McGee supervisors mainly relied on each PLAINTIFF and CALIFORNIA CLASS members' personally-supplied cell phones to communicate McGee and airline-related information.

29. McGee had broken radios, which only supervisors were allowed to use. When PLAINTIFF Esmyatar requested to use the radio during his shift while working as an Agent, McGee told him that only supervisors were permitted to use them.

30. During each shift, McGee required supervisors, fleet AGENTS, and ramp AGENTS to carry their personal cell phones to communicate with their team and the supervisor regarding assigned duties. [**EXHIBIT A**]

31. PLAINTIFFS and the fleet and ramp AGENTS also used their personal cell phones to track flights on smartphone applications such as FlightView and FlightRadar24. [**EXHIBIT B**]

32. To elevate McGee's customer service, the customer service AGENTS used their personal cell phones to communicate with passengers that left luggage behind at the airport. Customer

**FIRST AMENDED COMPLAINT**
**ESMYATAR ET AL. V. MCGEE**
**3:22-cv-00744-VC**

service agents provided updates to those customers, and confirmed destination addresses for lost luggage using their personal cell phones. Even on weekends, airline passengers call Agents to confirm their misplaced luggage location and to learn of further steps to obtain their belongings.

33. PLAINTIFFS and the CALIFORNIA CLASS members also received texts for work-related reasons other than supervisor assignments and customer service, such as administrative, business and daily safety check-ins. [**EXHIBIT C**]

34. PLAINTIFFS and the CALIFORNIA CLASS members estimate that since December 2017, the relevant statutory period (pursuant to the 4-year statute of limitations under California Business and Profession Code section 17200 et seq.) the relevant CALIFORNIA CLASS of employees in California is in excess of 1,900 employees.

35. Each PLAINTIFF and CALIFORNIA CLASS member suffered significant damages due to McGee's failure to follow the law and provide reimbursements.

36. When PLAINTIFFS and CALIFORNIA CLASS members complained or raised concerns that McGee did not reimburse its employees for their personal cell phone use required during their shift, McGee supervisors and HR blatantly ignored their concerns. When PLAINTIFF Ibrahim approached McGee HR to discuss cell phone reimbursements, the HR personnel directed Ibrahim to other personnel within the HR team to avoid conversations concerning reimbursement. Thus, McGee actively misled and denied PLAINTIFFS and the CALIFORNIA CLASS members their rights to be paid for their required personal cell phone usage.

**FIRST CAUSE OF ACTION**
For Failure to Reimburse
(Cal. Lab. Code §§ 2802)

37. PLAINTIFFS incorporate by reference and re-alleges paragraphs 1 through 36, inclusive, as though set forth fully herein.

38. Labor Code section 2802 requires an employer to indemnify his or her employees for all necessary expenditures or losses incurred by the employees in direct consequence of the discharge of their duties.

39. During the PLAINTIFFS and CALIFORNIA CLASS members time working at McGee,

McGee never reimbursed them at all for their personal cell phones used for work-related communications and duties throughout the workday.

40. DEFENDANT required the PLAINTIFFS and CALIFORNIA CLASS members to use their cell phones from the start of their shift to the end of their shift for various work-related reasons regardless of their position. Cell phone usage began with morning safety briefs, gate assignments/duties, subsequent check-ins, requests for additional help, and calling passengers to inform them of baggage left behind, as well as administrative reasons such as absences, warnings, and other HR matters.

41. During each shift, the DEFENDANT required the supervisors to give specific instructions to their fleet and ramp AGENTS relating to duties before and after departure/arrival of their assigned flights via text message such as "Be 10 minutes before first arrival". [**EXHIBIT C**]

42. DEFENDANT also required supervisors to give safety instructions to their fleet and ramp AGENTS pertaining to their shift duties via text message such as "use ear plugs". [**EXHIBIT C**]

43. Furthermore, DEFENDANT required supervisors to debrief their fleet and ramp AGENTS after working on a particular flight via text message such as "just wanted to give you heads up we took an A1 delay 11 minutes on AS1119 due to cleaning..." [**EXHIBIT A**]

44. In addition, DEFENDANT required supervisors to pass along informal HR messages to the PLAINTIFFS and CALIFORNIA CLASS members via text message such as "after the flight if y'all can please clock out. . ." [**EXHIBIT A**]

45. DEFENDANT also required PLAINTIFFS and customer service AGENTS to use their personal cell phones to communicate with passengers who had issues with their luggage and the procedure for obtaining their luggage via phone calls. As a result, the PLAINTIFFS and CALIFORNIA CLASS members received phone calls at all times of the day including during off-shift hours.

46. At all relevant times herein, DEFENDANT failed and/or refused to provide PLAINTIFFS and CALIFORNIA CLASS members with any reimbursement for using their own cell phones as required by California Labor Code section 2802.

**FIRST AMENDED COMPLAINT**
ESMYATAR ET AL. V. MCGEE
3:22-cv-00744-VC

47. As a direct and proximate result of DEFENDANT'S conduct in violation of Labor Code Section 2802 as alleged above, DEFENDANT is liable to the PLAINTIFFS and to the CALIFORNIA CLASS members for reimbursements for using their own cell phones for work-related communications and duties, plus interest thereon.

## SECOND CAUSE OF ACTION
For Unfair Competition
(Cal. Bus. & Prof. Code §§ 17200 et seq.)

48. PLAINTIFFS incorporate by reference and re-alleges paragraphs 1 through 47, inclusive, as though set forth fully herein.

49. PLAINTIFFS and CALIFORNIA CLASS members seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

50. The DEFENDANT'S failure to provide reimbursement for employees' use of their personal cell phones, continues to be, unfair, unlawful, and harmful to PLAINTIFFS, the CALIFORNIA CLASS members, and the general public.

51. A violation of California Business & Professions Code sections 17200 et seq. may be predicated on the violation of any state or federal law. DEFENDANT'S violations, as alleged here, including Cal. Lab. Code §§ 2802, constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200 et seq.

52. PLAINTIFFS and CALIFORNIA CLASS members are low-earning workers dependent on DEFENDANT for their livelihood and do not have the same bargaining advantage as their employer.

53. DEFENDANT saved on reimbursement costs by not paying its employees for their personal cell phones and phone plans.

54. With its unlawful scheme, DEFENDANT has been unjustly appropriating significant amounts of money that it otherwise should have paid as cell phone reimbursements to its employees. DEFENDANT instead illegally passed its business operational costs onto its employees, thereby violating Labor Code section 2802 and injuring each member of the CALIFORNIA CLASS.

FIRST AMENDED COMPLAINT
ESMYATAR ET AL. V. MCGEE
3:22-cv-00744-VC

55. DEFENDANT'S unfair business practices have reaped undue benefits and illegal profits, and unjustly enriched DEFENDANT, at the expense of PLAINTIFFS, the CALIFORNIA CLASS members, and the public. PLAINTIFFS and CALIFORNIA CLASS members have been personally injured by DEFENDANT'S unlawful business practices, including the loss of money.

56. Pursuant to California Business & Professions Code sections 17200 et seq., PLAINTIFFS and CALIFORNIA CLASS members are also entitled to disgorgement of illegally acquired profits by DEFENDANT during the relevant period of employment. PLAINTIFFS and CALIFORNIA CLASS members are also entitled to an award of attorneys' fees and costs pursuant to the common fund doctrine, California Code of Civil Procedure section 1021.5 and other applicable laws.

## THIRD CAUSE OF ACTION
For Recovery of Civil Penalties Under the Labor Code Private Attorney General Act
(Cal. Lab. Code §§ 2698 et seq.)

57. PLAINTIFFS incorporate by reference and re-alleges paragraphs 1 through 56, inclusive, as though set forth fully herein.

58. PLAINTIFFS electronically filed Notice of Violations of California Labor Code with Labor and Workforce Development on September 2, 2021. A certified copy was mailed to McGee Air Services. PLAINTIFFS have a right to sue the DEFENDANT as more than 65 days have passed with no response from the Labor and Workforce Development Agency.

59. As a result of the acts alleged herein, PLAINTIFFS, as aggrieved employees within the meaning of Labor Code section 2699, subdivision (c), on behalf of themselves and other McGee AGENTS, seek the recovery of civil penalties against DEFENDANT pursuant to California Labor Code sections 2698 et seq., for the following knowing and intentional violations of the California Labor Code:

    a.  For willfully failing to provide reimbursement to employees, including PLAINTIFFS and other McGee AGENTS, and engaging in a pattern or practice of committing said unlawful acts, in violation of Labor Code section 2802;

60. The above-referenced civil penalties shall include the recovery of amounts specified in the

applicable sections of the Labor Code, and if not specifically provided, those under section 2699(f), and shall include those amounts sufficient to recover all necessary expenditures or losses incurred by PLAINTIFFS and other McGee employees, pursuant to Labor Code sections) 2802 and 2699, subdivisions (a) and (f).

## **PRAYER FOR DAMAGES**

WHEREFORE, PLAINTIFFS and class members pray for judgment against the Defendant as follows:

1.  Certification of this action as a class action;

2.  Notice to CALIFORNIA CLASS members;

3.  Compensation and statutory penalties, according to proof;

4.  Restitution of any compensation due;

5.  Liquidated damages pursuant to section 2802 of the California Labor Code, for DEFENDANTS' violation of the reimbursement provision of California Labor Code section 2802, according to proof;

6.  Declaratory Relief;

7.  Injunctive Relief to prohibit the unlawful acts;

8.  Reasonable attorneys' fees and costs, pursuant to, California Labor code section 2802 and 2699, subdivision (a) and (f);

9.  For such other relief as the Court may deem just and proper.

LAW OFFICE OF MATTHEW KUMIN

Dated: June 21, 2022                                /s/ Matthew Kumin

                                                    Matthew Kumin
                                                    Attorney for Plaintiffs

**FIRST AMENDED COMPLAINT**
**ESMYATAR ET AL. V. MCGEE**
**3:22-cv-00744-VC**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A




just wanted to give you heads up we took a A1 delay 11 minutes  on AS1119 due to cleaning the guys forgot the vacuums the flight had 160 passengers off 132 up just took a little more time to clean and not having the vacuums killed us no extra person to break away heavy inbound with cargo 90 pieces and 80+bags 6 total working the flight 3 up 3 down.   I was here debriefed the team we Will make the adjustment to ensure we are ready for  all flights especially the 737 mainline. Hi team so we took a delay today it's been a while think this is our second since we started here very avoidable

 Send message 

  

46% 10:12

← **Thomas Rivas, Litia, +4** ⋮



After the flight if y'all can please clock out , Thomas if you can stay till 7 plz since your a late start ..then you clock out ...can I get a copy of y'all acknowledged message I'll be clocking out now ..thanks team

Jun 25, 6:06PM



Copy

Litia Jun 25, 6:19PM

Thank you guys

Jun 25, 6:19PM





Copy



Send message



  

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

**CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES**

2:50

< Search

# Flightview - Flight Tracker
Real-Time Flight Tracker

2021

**OPEN**

| 2.8K RATINGS | AGE | CATEGORY | DEVEL |
|---|---|---|---|
| **4.4** | **4+** | | |
| ★★★★☆ | Years Old | Travel | FlightVie |

## What's New

**Version History**

Version 4.0.12      2mo ago

Hello flightviewers, we've resolved a number a major issues with this release. Thank you so much for your patience.
- Fixed the issue where the delete trips button disappea   more

## Preview





TRACK YOUR FLIGHT

SHA YOU

| Today | Games | Apps | Arcade | Search |
|---|---|---|---|---|

 

By Flight # | By Route 

## Track by Flight Number

| Airline | enter airline code | 🔍 |
|---|---|---|
| **Flight #** | enter flight number | |
| **Departs** | Fri, December 3 | › |

### Find Flight 

**Save time!** Forward your itinerary to
trips@flightview.com

Shake for Sample Flight

**flightview**®
by OAG®

    





# Flightradar24 | Flight Tracker

Live plane & flight tracker

**OPEN**



| 213K RATINGS | AGE | CHART | DEVEL |
|---|---|---|---|
| 4.8 ★★★★★ | 4+ Years Old | #40 Travel | Flightrad |

## What's New

**Version History**

Version 8.17.2                                           1mo ago

We regularly update Flightradar24 in order to bring you the best flight tracking experience. In this latest update you'll find:                                                    more

## Preview



The world's most trusted flight tracker

    



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

1. Be 10 minutes before first arrival
2. Do not cross under fuselage
3. Chock all GSE
4. When not using belt loader, put idown and turn it off
5. Use ear plugs
6. LAVS use all PPE equipment
*7. After doing LAVS WIPE OUT with a towel any residual on panel*
*8. After finishing loading WATER, WIPE OUT with towel any water residual on papel and pipe*
9. Make sure all nets stat inside aircraft and not handing out
10. Respect speed limit
11. Do not lead above the

Send message

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 24, 2022 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

_Shivanjali Naicker_

Shivanjali Naicker

**ESMYATAR ET AL. V. MCGEE**
**CASE NO: 22-cv-00744-AGT**

3