Matthew Kumin (State Bar No. 177561)
Law Office of Matthew Kumin
1939 Harrison Street, Suite 307
Oakland, CA 94612
Tel. and Fax: (415) 655-7494
E-mail: matt@mattkuminlaw.com

Attorneys for Plaintiff and
the Putative Class and PAGA Representatives

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mohamed Ibrahim on behalf of himself and others similarly situated,<br><br>               Plaintiffs,<br><br>     v.<br><br>McGee Air Services Inc., a Washington Corporation, and Does 1 through 50, Inclusive,<br><br>          Defendants. | Case No.: 3:22-CV-00744-VC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**<br><br>Date: May 11, 2023<br>Time: 1:00 p.m.<br>Place:  450 Golden Gate Ave.,<br>        Courtroom 4<br>        San Francisco, CA 94102<br>Judge: Honorable Vince Chhabria<br><br><br>Complaint Filed: 12/30/2021<br>Removed: 02/04/2022 |

Mohamed Ibrahim, et al. v. McGee Air Services, Inc., et al.
Case No. 3:22-CV-00744-VC

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................... 3

NOTICE OF MOTION AND MOTION ........................................................................................ 6

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 8

    I.      INTRODUCTION ............................................................................................... 8

    II.     BACKGROUND AND LITIGATION HISTORY ....................................... 9

    III.    KEY SETTLEMENT TERMS ...................................................................... 12

    IV.    CONDITIONAL CLASS CERTIFICATION............................................. 10

         A.    The Proposed Settlement Class Meets the Requirements of Rule 23(A) ...... 13

         B.    The Proposed Settlement Class Meets the Requirements of Rule

             23(B)(3).................................................................................................... 14

    V.     THE SETTLEMENT MERITS PRELIMINARY APPROVAL .............................. 15

         A.    Legal Standards For Preliminary Approval ................................................... 15

         B.    The Settlement Merits Preliminary Approval ................................................ 16

             1.    The Settlement is Non-Collusive ....................................................... 16

             2.    The Settlement is Well Within the Range of Possible Approval....... 17

             3.    The Settlement Does Not Grant Improper Preferential

                  Treatment to Any Segment of the Class ............................................ 18

             4.    The Settlement has no Obvious Deficiencies ................................... 19

             5.    The Settlement Raises None of The Concerns Identified by the

                  Ninth Circuit in *Bluetooth* .................................................................. 22

    VI.    THE PROPOSED NOTICE AND PLAN FOR NOTICE DISTRIBUTION

         SHOULD BE APPROVED........................................................................ 22

    VII.   SCHEDULE FOR FINAL APPROVAL .................................................... 23

    VIII.  CONCLUSION ........................................................................................... 24

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**

# TABLE OF AUTHORITIES

**FEDERAL COURT CASES**

*Amchem Products Co. v. Windsor,*
521 U.S. 591 (1997) …………………………………………………………………...14

*Bellinghausen v. Tractor Supply Co.,*
306 F.R.D. 245 (N.D. Cal.2015)........................................................................................18

*Bower v. Cycle Gear, Inc.,*
No. 14-CV-02712-HSG, 2016 WL 4439875 (N.D. Cal. Aug. 23, 2016)...........................20

*Burden v. SelectQuote Ins. Servs.,*
No. C10-5966 LB, 2013 WL 3988771 (N.D. Cal. Aug. 2, 2013) ......................................20

*Churchill Village v. Gen. Elec.,*
361 F.3d 566 (9th Cir. 2004) .................................................................16, 17, 22

*Eisen v. Carlisle & Jacquelin,*
417 U.S. 156 (1974).........................................................................................................21

*Garcia v. Gordon Trucking, Inc.,*
1:10-CV-0324, 2012 WL 5364575 (E.D. Cal. Oct. 31, 2012)...........................................18

*Hanlon v. Chrysler Corp.,*
150 F.3d 1011 (9th Cir. 1998) ...................................................................................13, 14

*Harris v. Vector Mktg. Corp.,*
No. 08-cv-5198 EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011)...............................16

*In re Bluetooth Headset Prods. Liability Litig.,*
654 F.3d 935 (9th Cir. 2011) .....................................................................................16, 22

*In re On-Line DVD Rental Antitrust Litig.,*
779 F.3d 934 (9th Cir. 2015) ...........................................................................................19

*In re Pacific Enters. Sec. Litig.,*
47 F.3d 373 (9th Cir. 1995) .............................................................................................19

*In re Tableware Antitrust Litigation,*
484 F.Supp.2d 1078 (N.D. Cal. 2007)...........................................................................7, 15

*Ketchum v. Moses,*
24 Cal.4th 1122 (2001) ....................................................................................................20

*LaFleur v. Med. Management International, Inc.,*
No. EDCV 13-00398-VAP(OPx), 2014 WL 2967475 (C.D. Cal. June 5, 2014)................18

Mohamed Ibrahim, et al. v. McGee Air Services, Inc., et al.
Case No. 3:22-CV-00744-VC

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**

*Mathein v. Pier One Imports (US) Inc.,*
    1:16-cv-00087-DAD-SAB, 2018 WL 1993727 (E.D. Cal. Apr. 27, 2018)..........................18

*McKenzie v. Fed. Exp. Corp.,*
    No. CV 10-02420 GAF PLAX, 2012 WL 2930201 (C.D. Cal. July 2, 2012).....................20

*Mendez v. C-Two Grp., Inc.,*
    No. 13-CV-05914-HSG, 2017 WL 1133371 (N.D. Cal. Mar. 27, 2017) ...........................15

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*
    221 F.R.D. 523 (C.D. Cal. 2004)...........................................................................................15

*Ontiveros v. Zamora,*
    303 F.R.D. 356 (E.D. Cal. 2014) ..........................................................................................18

*Perkins v. Linkedin Corp.,*
    No. 13-CV-04303-LHK, 2016 WL 613255 (N.D. Cal. Feb. 16, 2016)................................20

*Ramirez v. Ghilotti Bros. Inc.,*
    No. C12-04590 CRB, 2014 WL 1607448 (N.D. Cal. Apr. 21, 2014) ..................................19

*Ridgeway v. Wal-Mart Stores, Inc.,*
    269 F.Supp.2d 975 (N.D. Cal. 2017)....................................................................................18

*Rodriguez v. Hayes,*
    591 F.3d 1105 (9th Cir. 2010) ..............................................................................................13

*Satchell v. Fed. Exp. Corp.,*
    No. C03-2659 SI, 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007).........................................16

*Staton v. Boeing Co.,*
    327 F.3d 938 (9th Cir. 2003) ................................................................................................18

*Stuart v. Radioshack Corp.,*
    No. C-07-4499 EMC, 2010 WL 3155645 (N.D. Cal. Aug. 9, 2010)....................................19

*Tyson Foods, Inc. v. Bouaphakeo,*
    136 S.Ct. 1036 (2016)...........................................................................................................14

*Vasquez v. Coast Valley Roofing, Inc.,*
    670 F.Supp.2d 1114 (E.D. Cal. 2009)....................................................................................15

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011)...............................................................................................................13

Mohamed Ibrahim, et al. v. McGee Air Services, Inc., et al.
Case No. 3:22-CV-00744-VC

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS**
**ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**

**STATE STATUTES**

Cal. Civ. Code §1542...................................................................................................19

Cal. Lab. Code §2802 ................................................................................................9

Cal. Lab. Code §226 ..................................................................................................9

Cal. Bus. & Prof. Code §17200..................................................................................9

Private Attorneys General Act (PAGA) §2698........................................................9, 10


**FEDERAL RULES AND REGULATIONS**

Fed. R. Civ. P. 23……………………………………………………………………...7, 14, 15, 22

Mohamed Ibrahim, et al. v. McGee Air Services, Inc., et al.
Case No. 3:22-CV-00744-VC

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on May 11, 2023 at 1:00 p.m. in Courtroom 4 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102 or as soon thereafter as the parties may be heard, Plaintiff Mohamed Ibrahim will and hereby does, move the Court for an order that:

1. Grants conditional class certification of the following proposed settlement class under Federal Rules of Civil Procedure Rule 23(a) and Rule 23(b)(3):

   "Settlement Class" means all current and former California employees (both exempt and non-exempt) who worked for McGee as agents, including station agents, aircraft fleet, aircraft agents, ramp agents, customer service agents, interline agents and/or as supervisors of those positions during the Settlement Class Period;

2. Preliminarily approves the Stipulation of Settlement of Class Action and Release of Claims ("Settlement Agreement") between Plaintiff and Defendant McGee Air Services ("Defendant") as appropriate under Fed. R. Civ. P. 23(e)(1)(B) because it is likely to satisfy the standard for final settlement approval under Fed. R. Civ. P. 23(e)(2);

3. Directs notice to be disseminated to class members in the form and manner proposed by the parties as set forth in the Settlement and Exhibits to it;

4. Appoints the Law Offices of Matthew Kumin as Class Counsel;

5. Appoints CPT to serve as the Settlement Administrator; and Sets deadlines for class notice to be sent, exclusion and objection deadlines, and a hearing date and schedule for final approval of the Settlement and consideration of Class Counsel's fee application, as set forth in the following schedule, which, though not included in the Settlement Agreement, nonetheless, is not objected to by Defendant:

| Event | Date |
|---|---|
| Transmission of Settlement Class List and PAGA Aggrieved Employee Lists from McGee to Settlement Administrator | Twenty-one (21) days after entry of preliminary approval order |

Mohamed Ibrahim, et al. v. McGee Air Services, Inc., et al.
Case No. 3:22-CV-00744-VC

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**

| Notice of Class Action Settlement mailed to Class Members | Fourteen (14) days after transmission of Settlement Class List and PAGA Aggrieved Employee Lists |
|---|---|
| Motion for Attorneys' Fees and Expenses | Five (5) days before opt-put and objections deadline |
| Deadline for Opt-outs and Objections | Forty-five (45) days after mailing of notice |
| Motion for Final Approval and Class Representative Service Award | Thirty-five (35) days before final approval hearing |
| Reply Brief(s) in Support of Motions for Final Approval, Attorneys' Fees, and Service Award | Seven (7) days before final approval hearing |
| Final Approval Hearing | At least two (2) weeks after the deadline for objections and opt-outs |

This motion is made on the grounds that the Settlement Agreement, which provides for a total, non-reversionary payment of $420,000, is "the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval," such that preliminary approval is appropriate. *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007). Further, the proposed notice of settlement complies with due process requirements and is the "best notice that is practicable under the circumstances," as it provides Class Members an opportunity to fully assess the Settlement, including Plaintiff's motion for attorneys' fees and costs, before deciding whether to opt-out or submit objections. Fed. R. Civ. P. 23(c)(2)(B).

This motion is based upon this Notice; the accompanying Memorandum of Points and Authorities, the Declaration of Matthew W. Kumin; all pleadings and papers on file in this action; and such oral argument as may be considered by the Court at the time of the hearing.

Dated: April 5, 2023        The Law Offices of Matthew Kumin

_____
Matthew Kumin
Attorney for Plaintiff

Mohamed Ibrahim, et al. v. McGee Air Services, Inc., et al.
Case No. 3:22-CV-00744-VC

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Following heavily contested discovery, an early settlement conference with the assistance of retired Judge Ronald Sabraw, and several further weeks of negotiations, Plaintiff and Defendant, McGee Air Services ("McGee") have reached a proposed settlement of this class action.

This action alleged that the Defendant violated California law by failing to reimburse its employees for their use of their personal cell phones for Company business. The proposed settlement brings substantial financial recoveries to those workers, and as importantly, Defendant instituted a policy to provide monthly reimbursements for cell phone use within a few months of the filing of the Plaintiff's complaint. In short, the lawsuit effectuated the purpose of section 2802 of the California Labor Code, designed to ensure that Employers reimburse their employees for the use of their personal equipment used on behalf of their employer.

The Settlement provides for a $420,000 million non-reversionary gross settlement fund, funded by Defendant McGee. The gross settlement fund will pay for individual class member settlement payments for approximately 2370 employees employed during the Class Period. The amount that individual Class members will receive will depend on weeks worked during the Class Period. If the Court awards the attorney's fees and costs service awards requested, the average Class Member settlement award will be approximately $119, and the range will be from $7 (for one month worked) to approximately $360 (for 48 months worked). There will be no claims process. All class members will automatically receive a settlement check. From the gross settlement fund, Class Counsel will apply for attorney's fees of $139,986 (33.33% of the gross settlement amount), Settlement Administration fees of up to $25,000, and litigation expenses of $41,287.62. Class Counsel will also apply for a $5,000 incentive award for Plaintiff Mohamed Ibrahim.

This is an excellent settlement that provides substantial individual recoveries to class members now, sparing them the risk and delay of further litigation. As discussed in detail below, the proposed settlement is carefully tailored to give the largest recoveries to workers who suffered

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**

the greatest injuries and have the most valuable claims. Because the settlement is well within the range of possible approval, and contains no obvious deficiencies, the Court should grant preliminary approval and order that the parties provide notice to the proposed settlement class.

## II. BACKGROUND AND LITIGATION HISTORY

### A. Background and Procedural History

On September 2, 2021, Named Plaintiff submitted a PAGA notice to the California LWDA in accordance with the requirements of Labor Code section 2699.3(a). The PAGA notice alleged, among other things, that Defendant violated various California Labor Code sections. The LWDA declined to investigate the alleged violations, permitting Named Plaintiff to assert a claim under the PAGA against Defendant. On December 30, 2021, Named Plaintiff together with Sulamain Esmyatar, and Oswaldo Daniel Ramos Montes De Oca, filed a class action and PAGA complaint in Alameda County Superior Court, Case No. 21CV004842, alleging causes of action against Defendant for: (1) Failure to Reimburse in Violation of Cal. Lab. Code § 2802; (2) Failure to Provide Accurate, Itemized Wage Statements in Violation of Cal. Lab. Code § 226; (3) Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200; and (4) Violation of the Private Attorneys General Act (PAGA) § 2698 et seq (the Complaint). On February 3, 2022, Defendant filed an Answer to the Complaint.

On February 4, 2022, Defendant filed a Notice of Removal to the United State District Court, Northern District of California. On June 24, 2022, pursuant to a stipulation of the Parties, Named Plaintiff, Sulamain Esmyatar, and Oswaldo Daniel Ramos Montes De Oca, filed a First Amended Complaint in the Lawsuit, dismissing their second cause of action for Failure to Provide Accurate, Itemized Wage Statements in Violation of Cal. Lab. Code § 226. The operative First Amended Complaint (FAC) alleges the following three causes of action: (1) Failure to Reimburse in Violation of Cal. Lab. Code § 2802; (2) Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200; and (3) Violation of the Private Attorneys General Act (PAGA) § 2698 et seq (the "FAC"). On June 27, 2022, Defendant answered the FAC.

The Parties engaged in formal discovery targeted at the claims in the FAC and attended mediation with the Honorable Ronald Sabraw (Ret.), on September 22, 2022, after additional informal exchange of documents and information. The case did not resolve at mediation. After additional negotiations, and several weeks after mediation, Judge Sabraw issued a mediator's proposal, which the Parties accepted on December 8, 2022. The parties fully memorialized those terms in the Settlement Agreement (attached as <u>Exhibit A</u> to the Declaration of Matthew Kumin).

## III. KEY SETTLEMENT TERMS

### A. The Settlement Amount

Provided the Court approves the Settlement and the Effective Date occurs, Defendant will pay the Gross Settlement Amount of $420,000. The Settlement will be funded within thirty days (30 days) after the Settlement Administrator has provided the Parties with the accounting provided under the Settlement Agreement.

### B. Payments from the Settlement Amount

1. <u>Class Member Payments</u>. All Settlement Class Members will receive a Class Member Payment, paid from the Class Payout Fund without the need to make a claim. The Parties agree that 100% of the Class Member Payments shall be allocated to expense reimbursements and penalties for tax purposes.

The amount of each Class Member Payment will be calculated on a pro rata basis, based on the number of workweeks each Settlement Class Member worked during the Settlement Class Period. To establish the workweek value, the Settlement Administrator will first determine the total number of workweeks worked by the Settlement Class during the Settlement Class Period. The workweek value will be equal to the Class Payout Fund divided by the total number of workweeks worked by the Settlement Class during the Settlement Class Period. The workweek value will be rounded to the nearest cent. The Class Member Payment to each Settlement Class Member will be determined by multiplying the workweek value by the total number of workweeks each Settlement Class Member worked during the Settlement Class Period. The total of all Class Member Payments to all Settlement Class Members shall equal the Class Payout Fund. There is no need for a Settlement

Mohamed Ibrahim, et al. v. McGee Air Services, Inc., et al.
Case No. 3:22-CV-00744-VC

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**

Class Member to submit a claim form in order to be eligible for and to receive a Class Member Payment. Any partial workweek will be rounded up to the nearest full work week. Class Member Payments and the PAGA Aggrieved Employees' portion of the PAGA Payment will be mailed by the Settlement Administrator by First Class U.S. Mail within forty (45) calendar days following the Effective Date.

Checks paid to PAGA Aggrieved Employees and Settlement Class Members shall remain valid and negotiable for 180 days from the date of their issuance. After one-hundred eighty (180) calendar days from the date of mailing, the checks shall become null and void. If the amount remaining in the distribution account exceeds $25,000, the Settlement Administrator will make a second distribution to Class Members who cash their checks in relative proportion to their share of the Settlement Fund. If the remaining amount is $25,000 or less, the Settlement Administrator will donate that amount to the Justice and Diversity Center of the Bar Association of San Francisco.

2. Settlement Administration. The parties have agreed to use CPT as the Settlement Administrator (4 bids were obtained). The Settlement Administrator has agreed to cap its costs at $25,000.

3. Named Plaintiff Service Awards. Plaintiffs will apply for a services award to Plaintiff Mohammed Ibrahim of $5,000. If the Court awards a Named Plaintiff Service Awards less than the amount specified, the unawarded amount shall remain in the Class Payout Fund then distributed to Settlement Class Members.

4. Class Counsel's Attorneys' Fees and Costs. Class Counsel will apply for a Fees Award of $139,986, which is one-third of the Gross Settlement Amount, plus a Costs Award for reimbursement of Class Counsel's out-of-pocket costs and expenses of $41,287.62 incurred pursuing the Lawsuit. If the Court awards a Fees Award or a Costs Award less than the amount requested by Class Counsel, the unawarded amounts shall remain in the Class Payout Fund and be distributed to Settlement Class Members. This Settlement is not contingent upon the Court awarding Class Counsel any particular amount in attorneys' fees and costs.

5. <u>PAGA Payment</u>. The PAGA Payment amount is $20,000, which the Parties have agreed is to be paid in settlement of all PAGA claims released in this Settlement Agreement. The PAGA payment shall be allocated as follows:

- Within forty (45) days of the Effective Date, the Settlement Administrator shall pay from the Qualified Settlement Account $15,000 to the State of California LWDA. This amount is 75% of the $20,000 PAGA Payment.

- The remaining 25% of the PAGA Payment ($5,000) shall be distributed to all PAGA Aggrieved Employees, with each receiving a pro rata share based on the number of pay periods worked during the PAGA Period. To establish the pay period value, the Settlement Administrator will first determine the total number of pay periods worked by the PAGA Aggrieved Employees during the PAGA Period. The pay period value will be equal to 25% of the PAGA Payment divided by the total number of pay periods worked by PAGA Aggrieved Employees during the PAGA Period. The pay period value will be rounded to the nearest cent. The amount of the PAGA Payment paid to each PAGA Aggrieved Employee will be determined by multiplying the pay period value by the total number of pay periods each PAGA Aggrieved Employee worked during the PAGA Period.

## IV. CONDITIONAL CLASS CERTIFICATION

Plaintiff seeks conditional certification of a settlement class. "Settlement Class" means all current and former California employees (both exempt and non-exempt) who worked for McGee as agents, including station agents, aircraft fleet, aircraft agents, ramp agents, customer service agents, interline agents and/or as supervisors of those positions during the Settlement Class Period.

When considering a request for certification of a settlement class, the Court must first determine "whether the proposed settlement class satisfies the requirements of Rule 23(a) … applicable to all class actions, namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The parties must also demonstrate that the action is maintainable under Rule 23(b)(1), (2), or (3). *Id.* at

1022. Those standards are satisfied here for certification of the proposed settlement class under Rule 23(b)(3).

### A. The Proposed Settlement Class Meets the Requirements of Rule 23(a)

The proposed settlement class has approximately 2370 members, and therefore satisfies the numerosity requirement of Rule 23(a)(1). The proposed settlement class also satisfies the commonality requirement of Rule 23(a)(2), which requires that class members' claims "depend upon a common contention" of such a nature that "determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

The principal factual and legal issues are whether the Defendant failed to properly reimburse all of its employees for the use of their cell phones under California Labor Code Section 2802. This issue does not require individualized determinations, and the resolution of these issues would determine liability "in one stroke." *Wal-Mart*, 564 U.S. at 350.

Named Plaintiff Mohamed Ibrahim's claims are typical of the proposed settlement class for purposes of Rule 23(a)(3). The typicality standard is satisfied when "the representative's claims are 'reasonably co-extensive with those of absent class members.'" *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010). Plaintiff Ibrahim was employed by McGee at its San Francisco (one of the California locations that is included in the proposed settlement class definition); he allegedly used his cell phone while at work for company-related purposes throughout his entire tenure at McGee, but his employer never reimbursed him for that use. Further, Plaintiff and his counsel from the Law Offices of Matthew Kumin have no conflicts with the class members and have capably and vigorously represented the class to date and will continue to do so, amply satisfying Rule 23(a)(4)'s adequacy of representation requirement. Kumin Decl., ¶23.

### B. The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3)

"In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is maintainable under Fed. R. Civ. P. 23(b)(1), (2) or (3)." *Hanlon*, 150 F.3d at 1022. Here, the proposed class is maintainable under Rule 23(b)(3), as

Mohamed Ibrahim, et al. v. McGee Air Services, Inc., et al.
Case No. 3:22-CV-00744-VC

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**

common questions predominate over any questions affecting only individual members and class resolution is superior to other available methods for a fair resolution of the controversy. *Id.* Plaintiff's liability case turns primarily on whether Defendant McGee is liable to class members under Cal.Lab.Code sec. 2802 as their employer. This is precisely the sort of issue resolvable using the same evidence for all class members, and thus supports a class-wide adjudication. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1045 (2016) ("When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) …'").

Further, in light of the parties' Settlement, the Court need not consider any trial manageability issues that might otherwise bear on the propriety of class certification. *See Amchem Prods. Co. v. Windsor*, 521 U.S. 591, 620 (1997). Even so, this case would present no manageability concerns if it went to trial, as the legal and factual question, namely, whether the Defendant is liable as an employer, is both a common and predominant class-wide issue. Moreover, a class action is clearly the superior means of resolving these class members' claims. If class members had to pursue their section 2802 claims against this Defendant on an individual basis, each would have to pursue the identical discovery regarding the Defendant's policies regarding the use of cell phones to establish liability. This would impose extraordinary burdens on the Parties' and court system's resources while creating the potential for inconsistent judgments.

Moreover, each class member's individual claims are fairly modest. Any jury award would likely have topped out at around $35.00 per month based on Plaintiff's damages expert's testimony[1] as to the lowest, average monthly cost to operate a cell phone. No doubt, Defendant likely would have challenged this damage calculation even if this case had gone to trial. Using that $35 per month number as the potential recovery, an employee working for the full 48 months of the class period would have received $1680. Clearly, it would not be economically feasible for most class members to litigate independently for such modest recoveries. It is far more efficient for the judicial system, the parties, and the 2300+ class members to resolve the issues in a single action.

[1] David Breshears with Hemming Morse.

Mohamed Ibrahim, et al. v. McGee Air Services, Inc., et al.
Case No. 3:22-CV-00744-VC

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**

## V. THE SETTLEMENT MERITS PRELIMINARY APPROVAL

### A. Legal Standards for Preliminary Approval

The Court's review of a class action settlement requires a two-step process. *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). First, the Court must determine whether to grant preliminary approval and order class notice. *Id.* Second, the Court must hold a fairness hearing to determine if the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). At the preliminary approval stage, this Court must determine whether the proposed settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) does not grant improper preferential treatment to class representatives or other segments of the class; (3) falls within the range of possible approval; and (4) has no obvious deficiencies. *See, e.g.*, *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007); *Mendez v. C-Two Grp., Inc.*, No. 13-CV-05914-HSG, 2017 WL 1133371, at *3 (N.D. Cal. Mar. 27, 2017). *See* Fed. R. Civ. P. 23(e)(1)(B) (The Court should approve mailing of notice regarding a proposed settlement if the Court determines it will likely be able to grant final settlement approval to the proposed settlement under Fed R. Civ. P. 23(e)(2) and certify the proposed settlement class.).

"To evaluate the range of possible approval criterion, which focuses on substantive fairness and adequacy, courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *Vasquez v. Coast Valley Roofing, Inc.*, 670 F.Supp.2d 1114, 1125 (E.D. Cal. 2009) (citing *In re Tableware Antitrust Litig.*, 484 F.Supp.2d at 1080). Additionally, to determine whether a settlement is fundamentally fair, adequate, and reasonable, the Court may preview the factors that will ultimately inform final approval: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement. *See Churchill Village v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The proposed Settlement readily

satisfies these standards. We address the *Churchill* factors below in the context of discussing the quality of the proposed settlement and the lack of obvious defects.

Finally, when a proposed settlement is negotiated prior to class certification, the Court should also scrutinize the settlement for subtle signs of collusion or conflicts of interest. *In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). Signs that the Ninth Circuit has said may indicate that plaintiff's counsel may have allowed pursuit of their own self-interests to infect negotiations include: (1) when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded; (2) when the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds; or (3) when the parties arrange for fees not awarded to revert to defendant rather than be added to the class fund. *Id.* at 947.

**B. The Settlement Merits Preliminary Approval**

**1. The Settlement is Non-Collusive.**

First, the Settlement was reached only after several months of arms'-length negotiation among the Parties. Plaintiff and the Defendant began informal settlement discussions in April, 2022 soon after the first case management conference with this Court. Then, all Parties participated in a day-long mediation on September 22, 2022, followed by several weeks of further negotiations. The Parties finally reached agreement in early December, 2022.

For these reasons, the Settlement is entitled to an initial presumption of fairness. *See, e.g.*, *Harris v. Vector Mktg. Corp.*, No. 08-cv-5198 EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011); *Satchell v. Fed. Exp. Corp.*, No. C03-2659 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").

**2. The Settlement is Well Within the Range of Possible Approval.**

The Settlement provides substantial monetary recoveries to the class as a whole, and to each individual class member, particularly in light of the strength of Plaintiff's case, the risk, expense,

Mohamed Ibrahim, et al. v. McGee Air Services, Inc., et al.
Case No. 3:22-CV-00744-VC

complexity, and likely duration of continued litigation, and the risk of obtaining and maintaining class certification through the litigation. *Churchill*, 361 F.3d at 575.

Based on data provided by Defendant, the class consists of approximately 2370 employees at the 4 California airports where Defendant operates. The total months reimbursable for the entire class, the more pertinent number, is 32,300. Using the $35.00 per month reimbursement figure supplied by Plaintiff's expert, the total estimated exposure for McGee, apart from the PAGA claims, is $1,130,500. Kumin Decl., ¶16. The gross settlement fund is $420,000, or 37.1% of the maximum exposure. Id.

Assuming that a court awards the $139,986 that Class Counsel requests in attorney fees, $41,287.62 in litigation expenses, $6000 in Service Awards, and $25,000 for the claims administrator, the average payment for each class member will be $118. A one-month employee (the lowest end) would obtain a $6.80 payment while a 48-month employee would receive $326.40 (the maximum), making the median payout $166.60.

These are excellent individual recoveries by any measure especially considering that most of the employees did not expect to be paid anything for the use of their phones and those who did complain were rebuffed and discouraged from seeking reimbursement. On May 2, 2022, after the filing of the lawsuit, McGee informed employees that on the first paycheck of each month it would be adding a $5 cell phone reimbursement.

These results are tremendous. As such, the proposed settlement has the full support of highly experienced and qualified Class Counsel and his consulting class counsel. Kumin Decl., ¶3-8, 11; Finberg Declaration, ¶ 19, attached as Exhibit B to Kumin Decl. *See Churchill*, 361 F.3d at 575.

The overall settlement value, and the value of individual class members' recoveries, are entirely reasonable in light of the very significant risks and delays of continued litigation. As noted above, this is a strong case for class certification, though with some caveats, and for maintaining class status through trial. However, assuming class certification was successful, there is substantial risk that Plaintiff and the Class could lose on the merits.

Mohamed Ibrahim, et al. v. McGee Air Services, Inc., et al.
Case No. 3:22-CV-00744-VC

1    McGee's defenses would also raise substantial and difficult issues. Although Plaintiff

2    believes he could establish as a matter of fact and law that McGee was liable to pay for at least a

3    portion of each employee's cell phone use, there is no California appellate authority addressing

4    exactly how much an employer should pay for such use. At the very least, litigating these issues,

5    and especially the damages issues, would require costly, complicated discovery, summary judgment

6    practice, and, in all likelihood, trial; whether Plaintiff would prevail remains uncertain; and appeals

7    would almost certainly follow any ruling by this Court. By contrast, the Settlement provides

8    excellent recoveries to class members now without that uncertainty and delay.

9    **3. The Settlement Does Not Grant Improper Preferential Treatment to Any Segment**

10    **of the Class.**

11    The Settlement does not grant improper preferential treatment to the Class Representative or

12    to any segment of the Class. The Plan of Allocation is structured to reflect the likelihood of recovery

13    and scale of the injuries suffered by the Class. Although the Settlement provides for a $5,000 service

14    award to the Class Representative, that award does not constitute improper preferential treatment.

15    "[N]amed plaintiffs … are eligible for reasonable incentive payments" for the services they provide

16    to the class by prosecuting a class action. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).

17    The requested $5,000 incentive award is consistent with recent incentive awards that have been

18    approved in courts in the Ninth Circuit. [2]

19    The requested $5,000 incentive award is also not improperly disproportional to other class

20    members' individual recoveries.

21    Moreover, the requested $5,000 incentive award comprises only 0.1% of the gross settlement

22    amount of $420,000 million and is therefore well within the range of reasonableness. *See, e.g., In*

---

[2] *See, e.g., Ridgeway v. Wal-Mart Stores, Inc.*, 269 F.Supp.2d 975, 1002-03 (N.D. Cal. 2017)(granting incentive awards of $15,000 per named plaintiff instead of the requested $50,000); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267-68 (N.D. Cal. 2015) (granting incentive of award of $15,000 instead of the requested $20,000); *Ontiveros v. Zamora*, 303 F.R.D. 356, 366 (E.D. Cal. 2014) (approving $15,000 incentive award); *Garcia v. Gordon Trucking Inc.*, 1:10-CV-0324, 2012 WL 5364575 at *11 (E.D. Cal. Oct. 31, 2012) (same); *LaFleur v. Med. Mgmt. Int'l, Inc.*, No. EDCV 13-00398-VAP (OPx), 2014 WL 2967475 at *8 (C.D. Cal. June 5, 2014) (same); *Mathein v. Pier One Imports (US) Inc.*, 1:16-cv-00087-DAD-SAB, 2018 WL 1993727 at *12-13 (E.D. Cal. Apr. 27, 2018) (approving incentive awards of $12,500 for each of two class representatives from $3.5 million settlement fund in wage-and-hour class action).

Mohamed Ibrahim, et al. v. McGee Air Services, Inc., et al.
Case No. 3:22-CV-00744-VC

*re On-Line DVD Rental Antitrust Litig.*, 779 F.3d 934, 947-48 (9th Cir. 2015) (approving incentive awards that comprised in the aggregate less than 1% of the gross settlement value). Together with the motions for final approval and Class Counsel's fees and costs, Plaintiff Ibrahim will submit a declaration in support of the incentive award detailing his active participation in the litigation and the services he provided to the Class.

### 4. The Settlement Has No Obvious Deficiencies.

The Settlement has no obvious deficiencies:

a. The Settlement was reached only after Class Counsel had conducted substantial discovery including using a forensic damages expert, that made it possible to estimate the class members' potential reimbursements.

b. The Settlement is entirely non-reversionary. Settlement Agreement, ¶I.L

c. The settlement class definition is narrow and clearly defined.

d. The proposed class member release is coextensive with those claims that were or could have been brought based on the facts alleged in the FAC. Settlement Agreement ¶3.E.1. Class Members are not required to give Defendants a general release or a Civil Code §1542 waiver. Settlement ¶3.E.3.[3]

e. The Settlement does not provide excessive compensation for Class Counsel. The requested attorneys' fees award is 33 1/3% of the Gross Settlement Amount of $420,000 – for a total of $139,986 – a percentage of the fund that is well within the range that courts in this Circuit approve. *See, e.g.*, *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 378-79 (9th Cir. 1995) (affirming fee award of one-third of gross settlement fund); *Ramirez v. Ghilotti Bros. Inc.*, No. C12-04590 CRB, 2014 WL 1607448 at *2 (N.D. Cal. Apr. 21, 2014) (awarding fee award of 30% of $950,000 gross settlement fund); *Stuart v. Radioshack Corp.*, No. C-07- 4499 EMC, 2010 WL 3155645 at *6 (N.D. Cal. Aug. 9, 2010) (awarding one-third of settlement fund in wage-and-hour class action and noting that "this is well within the range of percentages which courts have upheld as

---

[3] Named Plaintiff Mohamed Ibrahim will provide a general release of claims and a Civil Code §1542 waiver as part of the consideration for his incentive award. Settlement Agreement ¶III.E.3.

Mohamed Ibrahim, et al. v. McGee Air Services, Inc., et al.
Case No. 3:22-CV-00744-VC
19

---

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**

reasonable"); *see also Burden v. SelectQuote Ins. Servs.*, No. C10-5966 LB, 2013 WL 3988771 at *5 (N.D. Cal. Aug. 2, 2013) ("Awarding fees at a higher rate than the 25% benchmark is appropriate in cases involving a relatively small settlement fund.").

Perhaps most significantly, because this matter involves only one California labor code section and no federal claims, this Court, which may typically default to a 25% fee award, can comfortably award the one-third fee request under the authority of the California Supreme Court's decision in <u>Ketchum v. Moses</u>, 24 Cal.4th 1122 (2001) (approving fee enhancements for contingent work and use of lodestar to calculate fees for state law claims, such as this state law claim for reimbursement, and rejecting federal authority barring fee enhancements for state law claims, among other key holdings.)

Moreover, as Plaintiff will set forth in detail in his fee motion, Class Counsel will request no more than his lodestar at the time he files his fee motion, currently $181,098, but capped at the requested $139,986 fee amount. Class Counsel will do considerably more work through final approval and overseeing the distribution of settlement payments to class members. Accordingly, Class Counsel's requested fee award would necessarily result in a negative multiplier; this despite Courts routinely finding multipliers of greater than one to be reasonable. *See, e.g.*, *McKenzie v. Fed. Exp. Corp.*, No. CV 10-02420 GAF PLAX, 2012 WL 2930201, at *10 (C.D. Cal. July 2, 2012) (lodestar multipliers in the range of 2 to 4 were reasonable); *Perkins v. Linkedin Corp.*, No. 13-CV-04303-LHK, 2016 WL 613255, at *15 (N.D. Cal. Feb. 16, 2016) (multiplier of 1.45 was reasonable); *Bower v. Cycle Gear, Inc.*, No. 14-CV-02712-HSG, 2016 WL 4439875, at *6-7 (N.D. Cal. Aug. 23, 2016) (approving fee award of 30% of the settlement fund, which was equivalent to class counsel's lodestar with a multiplier of 1.37).

f. The following table identifies the main fees and costs Plaintiff's counsel has incurred to date:

Mohamed Ibrahim, et al. v. McGee Air Services, Inc., et al.
Case No. 3:22-CV-00744-VC

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**

**1. Lodestar/Staffing/Fees**

| TIMEKEEPER | HOURS | FEE BILLED | RATE |
|---|---|---|---|
| KS - Ken Seligson [Associate] | 18.30 | $ 5,032.50 | $275 |
| SN - Shivanjali Naicker [Paralegal] | 249.63 | $42,049.50 | $175 |
| MK -Matt Kumin [Principal] | 58.20 | $34,920.00 | $600 |
| CL - Clerical Work [Shivanjali Naicker] | 16.10 | $ 1,771.00 | $110 |
| LC - Law Clerk [Shivanjali Naicker] | 19.40 | $ 3,805.00 | $175 |
| KM - Kaitlin Martinez [Law Clerk/Assoc.] | 364.10 | $71,935.00 | $175/200 |
| AA - Akhurapa Ambak [Associate] | 18.80 | $ 4,230.00 | $225 |
| BN - Robert Nichols [Of Counsel] | 29.80 | $13,120.00 | $400 |
| RJ - Richard Jordan [Law Clerk] | 24.20 | $ 4,235.00 | $175 |

[TOTAL FEES THROUGH 3-9-23]    $181,098.00

**2. Expenses**

a. Expert and Consultant fees
   Alshuler Berzon                        $    25,000.00
   Hemming & Morse (Breshears)            $     2,000.00
   Fidato (McKinley)                      $       800.00

b. Filing fees                           $     1,497.87

c. Service Fees                          $        96.95

d. Deposition fees                       $       969.00

e. Mediation fees                        $    10,322.50

f. Miscellaneous (mock jury honoraria)   $       601.30

TOTAL EXPENSES  $    41,287.62

g. The Settlement is not contingent upon approval of the class representative incentive award or Class Counsel's motion for attorneys' fees and litigation expenses. Any portions of the requested incentive award or Class Counsel fees and costs award that are not approved will not revert to Defendants, but instead will be added to the Net Settlement Fund for class member settlement payments. Settlement Agreement, ¶III.B.1&2.

**5. The Settlement Raises None of the Concerns Identified by the Ninth Circuit in *Bluetooth*.**

Finally, the proposed Settlement here raises none of the red flags that concerned the *Bluetooth* court. Although the Defendant has agreed not to oppose Class Counsel's fee application for up to 33 1/3% of the Gross Settlement Amount, that percentage is not disproportionate to the Net Settlement Fund that will be used to fund class member payments; the Gross Settlement Amount is entirely non-reversionary, such that any amounts not awarded to Class Counsel, the class representative as an incentive award, and/or as costs of settlement administration will be distributed to class members; the fee award of up to 33 1/3% of the gross settlement amount is consistent with common fund fee awards in the Ninth Circuit and particularly in California Courts; and any portion of the requested fee that is not approved by the Court will become part of the Net Settlement Fund for class member settlement payments. *See supra* at 15-16. To reiterate, this court has diversity jurisdiction on the state law claims asserted, underscoring that California Supreme Court pronouncements on fees should be given significant deference.

## VI. THE PROPOSED NOTICE AND PLAN FOR NOTICE DISTRIBUTION SHOULD APPROVED.

Before finally approving a class settlement, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Where the settlement class is certified pursuant to Rule 23(b)(3), the notice must also be the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice provided to class members should "clearly and concisely state in plain, easily understood language" the nature of the action; the class definition; the class claims, issues, or defenses; that the class member may appear through counsel; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members. Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill*, 361 F.3d at 575. Such notice is reasonable if mailed to each

Mohamed Ibrahim, et al. v. McGee Air Services, Inc., et al.
Case No. 3:22-CV-00744-VC

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**

member of a settlement class "who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).

The proposed Notice, which is attached as <u>Exhibit 1</u> to the Settlement Agreement, meets all of these requirements. The Notice explains in plain and easily understood language what the case is about; the class definition and claims; the settlement amount and information as to the approximate individual settlement payments; the requested amounts for Class Counsel's fees and costs and the class representative incentive award; the right of class members to appear through attorneys; the rights of class members to opt out of, or object to, the Settlement and the process by which they can do so; the binding effect of the Settlement on those who do not request exclusion; the terms of the releases; and the particulars of the final fairness hearing. Class Members will have 45 days to decide whether to opt out or object to the Settlement. Settlement Agreement, III.G.4.a.

The Notice 4 will be distributed to Class Members in a manner that provides "the best notice practicable under the circumstances." McGee has detailed employee information in its business records and will supply class members' last known addresses for the notice mailing. Before mailing the notices, the Settlement Administrator will first check the address in the U.S. Postal Service's National Change of Address database. Notice will then be sent to each class member's address by first class U.S. Mail. Settlement Agreement ¶III.G.3.c. The Settlement Administrator will remail notices that are returned with forwarding addresses. <u>Id</u>. For notices that are returned as undeliverable without a forwarding address, the Settlement Administrator will perform skip traces to obtain more up to date addresses and shall remail the Notices where new addresses are ascertained. <u>Id.</u>

## VII. SCHEDULE FOR FINAL APPROVAL

The next steps in the settlement approval process are to schedule a final approval hearing, notify the class of the Settlement and hearing, and allow class members an opportunity to opt out or file any objections regarding the Settlement. The Parties respectfully ask the Court to set a final fairness hearing for May 11, 2023 and order that the Motion for Final Approval be filed no later than two weeks before the fairness hearing.

Mohamed Ibrahim, et al. v. McGee Air Services, Inc., et al.
Case No. 3:22-CV-00744-VC

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**

Plaintiff proposes the following proposed schedule which, though not included in the Settlement Agreement, nonetheless, is not objected to by Defendant:

| Event | Date |
|---|---|
| Transmission of Settlement Class List and PAGA Aggrieved Employee Lists from McGee to Settlement Administrator | Twenty-one (21) days after entry of preliminary approval order |
| Notice of Class Action Settlement mailed to Class Members | Fourteen (14) days after transmission of Settlement Class List and PAGA Aggrieved Employee Lists |
| Motion for Attorneys' Fees and Expenses | Five (5) days before opt-put and objections deadline |
| Deadline for Opt-outs and Objections | Forty-five (45) days after mailing of notice |
| Motion for Final Approval and Class Representative Service Award | Thirty-five (35) days before final approval hearing |
| Reply Brief(s) in Support of Motions for Final Approval, Attorneys' Fees, and Service Award | Seven (7) days before final approval hearing |
| Final Approval Hearing | At least two (2) weeks after the deadline for objections and opt-outs |

## VIII. CONCLUSION

For the foregoing reasons, the Court should conditionally certify the proposed settlement class; grant preliminary approval of the proposed settlement; order notice to be issued to class members; and set a schedule for final approval.

Dated: April 5, 2023                           Respectfully submitted,

The Law Offices of Matthew Kumin


_____

Matthew Kumin
Attorney for Plaintiff

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS & AUTHORITIES**