1  Matthew Kumin (State Bar No. 177561)
   Law Office of Matthew Kumin
2  1939 Harrison Street, Suite 307
   Oakland, CA 94612
3  Tel. and Fax: (415) 655-7494
   E-mail: matt@mattkuminlaw.com

4  Attorneys for Plaintiff and
5  the Putative Class and PAGA Representatives

6

7                    **UNITED STATES DISTRICT COURT**

8                    **NORTHERN DISTRICT OF CALIFORNIA**

9

10  Mohamed Ibrahim on behalf of himself and          Case No.: 3:22-CV-00744-VC
    others similarly situated,
11
                                                       **[PROPOSED] ORDER APPROVING**
12              Plaintiffs,                             **PLAINTIFF'S AMENDED MOTION FOR**
                                                       **PRELIMINARY APPROVAL OF THE**
13        v.                                           **SETTLEMENT OF CLASS ACTION AND**
                                                       **PAGA CLAIMS**
14
15  McGee Air Services Inc., a Washington
    Corporation, and Does 1 through 50, Inclusive,
16
17              Defendants.

18

19

20  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21        On May 11, 2023, at 1:00 p.m. in Courtroom 5 of the above-referenced Court, via Video, the

22  Court heard Plaintiff's Amended Motion for Preliminary Approval.  For the reasons set forth in

23  Plaintiff's moving papers and the presentations at the hearing, the Court grants Plaintiff's motion

24  for preliminary approval of the settlement of the class action and PAGA claims and makes the

25  following orders:

26        1.  The proposed "Settlement Class" satisfies the requirements of Federal Rules of Civil

27            Procedure Rule 23(a) and Rule 23(b)(3). Per Rule 23(a)(1), the class is so numerous, in

28            excess of 2000 employees, that joinder of all members is impracticable. Per Rule

                                                1

1   23(a)(2), there are questions of law and fact common to the Class, specifically, were

2   class members entitled to reimbursement for their use of cell phones?  Per Rule 23(a)(3),

3   the claims of the representative are typical of the claims of the class, specifically, claims

4   for reimbursement for cell phone use under California Labor Code section 2802.  Finally,

5   per Rule 23(a)(4), the Plaintiff has fairly and adequately represented the interests of the

6   class as evidenced by reaching the settlement.

7   2.  The Court also finds that the proposed settlement class meets the predominance and

8   superiority requirements of Rule 23(b)(3) except that the Court need not consider the

9   manageability of a potential trial, since the settlement, if approved, would obviate the

10  need for a trial.

11  3.  The Settlement Class described in the settlement is conditionally certified for settlement

12  purposes.  "Settlement Class" means all current and former California employees (both

13  exempt and non-exempt) who worked for McGee as agents, including station agents,

14  aircraft fleet, aircraft agents, ramp agents, customer service agents, interline agents

15  and/or as supervisors of those positions during the Settlement Class Period, December

16  30, 2017 through the date of preliminary approval of the Settlement.

17  4.  The Settlement also involves a PAGA Group who worked from October 26, 2020

18  through the date of preliminary approval of the Settlement. The PAGA Group members,

19  unlike members of the Settlement Class, cannot opt out of the Group.  Settlement Class

20  members may opt out of the settlement or object to the Settlement within 45 days after

21  the date of mailing or transmission of the class notice by the Settlement Administrator.

22  5.  The Court preliminarily approves the Stipulation of Settlement of Class Action and

23  Release of Claims ("Settlement Agreement") between Plaintiff and Defendant McGee

24  Air Services ("Defendant") as appropriate under Fed R. Civ. P. 23(e)(1)(B) because it is

25  likely to satisfy the standard for final settlement approval under Fed R. Civ. P. 23(e)(2).

26  6.  The Court has determined that disseminating notice of the Settlement to Settlement Class

27  members is justified under Federal Rules of Civil Procedure Rule 23(e)(1)(B) because

28

Mohamed Ibrahim v. McGee Air Services Inc.
Case No.: 3:22-CV-00744-VC

**[PROPOSED] ORDER APPROVING PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY**
**APPROVAL OF THE SETTLEMENT OF CLASS ACTION AND PAGA CLAIMS**

the Court will likely be able to (1) approve the proposal under Rule 23(e)(2) and, (2), certify the class for purposes of judgment on the proposal. The Settlement Agreement is attached to this Order as <u>Exhibit A</u>.

7. The Notice to the Settlement Class members and to the PAGA Group shall be disseminated in the form and manner as set forth in <u>Exhibit 1</u> to the Settlement Agreement. The Court approves the form of the notice as it provides class members with the information they need about the proposed Settlement and approves the method of dissemination of notice as it meets the requirements of Due Process.

8. Appoints named Plaintiff Mohamed Ibrahim as Class Representative;

9. Appoints the Law Offices of Matthew Kumin as Class Counsel;

10. Appoints CPT to serve as the Settlement Administrator;

11. The Court directs the Settlement Administrator to provide notice to class members as set forth in the Settlement.

12. Sets the following deadlines:

| Event | Date |
|---|---|
| Transmission of Settlement Class List and PAGA Aggrieved Employee Lists from McGee to Settlement Administrator | Twenty-one (21) days after entry of preliminary approval order |
| Notice of Class Action Settlement mailed to Class Members | Fourteen (14) days after transmission of Settlement Class List and PAGA Aggrieved Employee Lists |
| Motion for Attorneys' Fees and Expenses | Fourteen (14) days before opt-out and objections deadline |
| Deadline for Opt-outs and Objections | Forty-five (45) days after mailing of notice |
| Motion for Final Approval and Class Representative Service Award | Thirty-five (35) days before final approval hearing |
| Reply Brief(s) in Support of Motions for Final Approval, Attorneys' Fees, and Service Award | Seven (7) days before final approval hearing |
| Final Approval Hearing | Thursday, August 31, at 1 p.m. by Zoom |

Mohamed Ibrahim v. McGee Air Services Inc.
Case No.: 3:22-CV-00744-VC

[PROPOSED] ORDER APPROVING PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY APPROVAL OF THE SETTLEMENT OF CLASS ACTION AND PAGA CLAIMS

13. At the Final Fairness Hearing, the Court will consider whether the Settlement should

be finally approved as fair, reasonable and adequate under Rule 23(e) of the Federal

Rules of Civil Procedure and rule on the motion for attorney's fees, costs and service

award to be submitted by Plaintiff.

**IT IS SO ORDERED.**

Dated: May ___19___, 2023

_____

Honorable District Judge Vince Chhabria

[PROPOSED] ORDER APPROVING PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY
APPROVAL OF THE SETTLEMENT OF CLASS ACTION AND PAGA CLAIMS