MATTHEW KUMIN (SBN 177561)
Law Office of Matthew Kumin
1939 Harrison Street, Suite 307
Oakland, CA 94612
Tel. and Fax: (415) 655-7494
E-mail: matt@mattkuminlaw.com
Attorneys for Plaintiff and
the Class and PAGA Representatives

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mohamed Ibrahim on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>McGee Air Services Inc., a Washington Corporation, and Does 1 through 50, Inclusive,<br><br>Defendants. | Case No.: 3:22-CV-00744-VC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND, MEMORANDUM OF POINTS & AUTHORITIES**<br><br>Date: August 31, 2023<br>Time: 1:00 p.m. (via 31)<br>Place: 450 Golden Gate Ave.,<br>      Courtroom 4<br>      San Francisco, CA 94102<br>Judge: Honorable Vince Chhabria<br><br>Complaint Filed: 12/30/2021<br>Removed: 02/04/2022 |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THE COURT:**

**PLEASE TAKE NOTICE THAT** on August 31, 2023, at 1:00 p.m., inCourtroom 4 (via ZOOM) of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or as soon thereafter as the parties may be heard, Plaintiff will and hereby does move the Court for an order:

(1) Confirming as final the certification of the settlement class under Federal

Rule of Civil Procedure 23 (Rule 23);

(2) Confirming as final the appointment of Plaintiff Mohamed Ibrahim as the Class representative of the class pursuant to Rule 23;

(3) Appointing Plaintiff's attorney as Class Counsel for the class pursuant to Rule 23(g);

(4) Approving the Parties' class action settlement as fair, reasonable, and adequate, and binding on all Class Members;

(5) Directing the Parties and the Settlement Administrator to implement the terms of the Agreement pertaining to the distribution of the Settlement Fund and Net Settlement Fund;

(6) Making findings of fact and stating conclusions of law in support of the foregoing;

and,

(7) Directing the entry of judgment pursuant to Fed. R. Civ. P. 54 and 58.

This Motion is based on the parties Settlement of Class Action and Release of Claims, the Memorandum of Points and Authorities, the Declarations of Matthew Kumin and Tarus Dancy (the Settlement Administrator CPT's Case Manager), the Proposed Order, the other records and pleadings filed in this action, and upon such other documentary and oral evidence or argument as may be presented to the Court at the hearing of this Motion.

Dated: July 27, 2023              **The Law Offices of Matthew Kumin**

                                   /s/ Matthew Kumin
                                   Matthew Kumin
                                   Attorney for Plaintiff Mohamed
                                   Ibrahim and Class Counsel

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................6

II. BACKGROUND AND LITIGATION HISTORY ..........................................7

    A. The Court Certified a Class for Settlement Purposes and Granted Preliminary Approval to the Settlement Agreement.................................8

    B. Settlement Fund ........................................................................................9

    C. Plan of Distribution to Class Members. .................................................10

        1. Net Settlement Fund ..........................................................................10

    D. Release of Claims ...................................................................................11

    E. Settlement Administration ......................................................................12

        1. Class Notice. .....................................................................................12

        2. No Class Members Have Opted Out..................................................12

        3. Counsel Are Not Aware of any Class Member Objections to the Settlement or any of its Terms as of the Date of this Filing ............12

III. DISCUSSION ....................................................................................................12

    A. Final Confirmation of Class Certification is Appropriate.....................12

    B. Final Settlement Approval is Appropriate. ............................................13

        1. The settlement is entitled to a strong presumption of fairness........13

        2. The settlement is fair, reasonable, and adequate.............................14

          a. The strength of Plaintiff's case and the risk of maintaining class action status throughout the trial. ..................................15

          b. The risk, expense, complexity, and likely duration of further litigation..........................................................................16

          c. Settlement Amount. ....................................................................16

          d. Extent of discovery and investigation completed. .....................17

          e. Experience and views of counsel. ..............................................18

          f. Class Members' reactions to the proposed settlement. ..............18

IV. CONCLUSION .................................................................................................19

# TABLE OF AUTHORITIES

**FEDERAL COURT CASES**

*Churchill Village v. Gen. Elec.,*
    361 F.3d 566 (9th Cir. 2004) ............................................................................... 6

*Garner v State Farm Mut. Auto Ins. Co.,*
    No. 08-1365, 2010 WL 5364575 (E.D. Cal. Oct. 31, 2012) ...................................18

*Kempen v. Matheson Tri-Gas Inc,*
    15-CV-00660-HSG, 2017 WL 475095 (N.D. Cal. Feb. 6, 2017) ............................9

*Linney v Cellular Alaska Partnership,*
    151 F.3d 1234, 1239 (9th Cir. 1998) .......................................................................17

*Nachshin v. AOL, LLC,*
    663 F.3d 1034, 1038 (9th Cir. 2011) ........................................................................9

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*
    221 F.R.D. 523 (C.D. Cal. 2004)............................................................................18

*Officers for Justice v Civil Serv. Comm'n of the City and County of San Francisco.*
    688 F.2d 615,625 (9th Cir. 1982) ............................................................ 13,15,16,18

*Omnivision Tech Inc.,*
    559 F. Supp.2d 1036, 1041 (N.D. Cal. 2008) .........................................................13

*Syncor Erisa Litig..,*
    516 F.3d 1095, 1101 (9th Cir. 2008) .......................................................................13

*Trew v. Volvo Cars of N. Am., LLC,*
    No. 05-1379, 2007 WL 2239210*2 (E.D. Cal. Jul. 31, 2007 ...................................14

*Torrisi v Tuscon Elect. Power Co,*
    688 F.2d 615, 625 (9th Cir. 1982) ..........................................................................15

*Wren v RGIS Inventory Specialists,*
    No. 06-05778, 2011 WL 1230826, *6 (N.D. Cal. Apr. 1, 2011) .............................14,18

**STATE STATUTES**

Cal. Lab. Code §2699.3 .........................................................................................................8

Cal. Lab. Code §2802 ........................................................................................................7,8

Cal. Lab. Code §226 .........................................................................................................7,8

Cal. Bus. & Prof. Code §17200. .......................................................................................7-8

Private Attorneys General Act (PAGA) §2698. ................................................................8

**FEDERAL RULES AND REGULATIONS**

Fed. R. Civ. P. 23 .................................................................................... 7-9,12,13

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION

In this class action lawsuit, Plaintiff Mohamed Ibrahim requests that the Court grant final approval of the Parties' settlement of Plaintiff's claims pleaded in the Amended Complaint pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. The settlement amount of $420,000 is "fair, reasonable, and adequate" within the meaning of Rule 23(e). The Class includes approximately 3876[1] individuals, comprised of all persons who were employed by McGee Air Services at 4 airport locations located throughout the State of California and who used their cell phones during work hours for company-related business during the class period.

Class Members stand to recover substantial and immediate monetary benefits under the settlement. As of this writing, and based on the weekly reports provided by the Class Administrator, CPT and its Case Manager, Tarus Dancy, no Class Members have opted out. Declaration of Matthew Kumin In Support of Motion for Final Approval (hereinafter, "Kumin Decl. ISO Final Approval" or "Kumin Decl."), ¶14; Dancy Decl.", ¶10. Class Counsel is not aware as of the filing date of this motion, of any objections. Kumin Decl., ¶14. The $420,000 non-reversionary settlement satisfies the Ninth Circuit's standards for approval. Class Counsel vigorously litigated this case, conducting extensive investigation, took a key deposition, and responded to Defense discovery. Only after intensive formal mediation and further arms-length negotiations did the parties reach an agreement on settlement. Class Counsel was fully informed about the strengths and weaknesses of the claims of Class members at the time the settlement was negotiated.

The settlement is in line with the strength of Class Members' claims given the risk, expense, complexity, and likely duration of further litigation, including the risks of establishing liability, proving damages at trial and on appeal, and the risks of securing and maintaining class action status throughout the trial and on appeal. See *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575-76 (9th Cir. 2004) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir.

---

[1] In the motion for Preliminary Approval, plaintiff identified the class size at "2370+". The Class Administrator received a confirmed list of 3876 current and former employees from Defendant who are within the total class.

1998)). It is uncertain whether Plaintiff would have ultimately been able to certify and maintain the case as a class action, and to have prevailed on liability for the Class through summary judgment, at trial, and on appeal. Weighing the risks, time, and expense of continued litigation against the substantial benefits afforded now by the proposed $420,000 settlement, the proposed settlement is in the best interests of the Class.

The response of Class Members to the proposed settlement, as noted above, has been very favorable to date. To Class Counsel's knowledge, no Class Member has objected so far to the settlement, and none of the approximately 3876 Class Members have opted out. The period for opting-out or objecting to the settlement will end August 10, 2023. The lack of any objections and the fact that no class member has opted out indicates that the Class has a favorable view of the settlement. This factor too weighs in favor of final settlement approval.

In connection with requesting final settlement approval, Plaintiff also requests that the Court: (1) confirm as final the certification of the Class under Fed. Rules Civ. P. 23(a) and 23(b)(3); (2) confirm as final the appointment of Plaintiff Ibrahim as the class representative. As previously noted, the period to submit objections, requests for exclusion, or to contest an individual's settlement calculation will run through August 10, 2023, the postmark deadline for submitting such responses. Class Counsel will provide a further update to the Court regarding objections and opt-outs.

## II.    BACKGROUND AND LITIGATION HISTORY

On September 2, 2021, Named Plaintiff submitted a PAGA notice to the California LWDA in accordance with the requirements of Labor Code section 2699.3(a). The PAGA notice alleged, among other things, that Defendant violated various California Labor Code sections. The LWDA declined to investigate the alleged violations, permitting Named Plaintiff to assert a claim under the PAGA against Defendant. On December 30, 2021, Named Plaintiff together with Sulamain Esmyatar, and Oswaldo Daniel Ramos Montes De Oca, filed a class action and PAGA complaint in Alameda County Superior Court, Case No. 21CV004842, alleging causes of action against Defendant for: (1) Failure to Reimburse in Violation of Cal. Lab. Code § 2802; (2) Failure to Provide Accurate, Itemized Wage Statements in Violation of Cal. Lab. Code § 226; (3) Unfair

Competition in Violation of Cal. Bus. & Prof. Code § 17200; and (4) Violation of the Private Attorneys General Act (PAGA) § 2698 et seq (the Complaint). On February 3, 2022, Defendant filed an Answer to the Complaint.

On February 4, 2022, Defendant filed a Notice of Removal to the United State District Court, Northern District of California. On June 24, 2022, pursuant to a stipulation of the Parties, Named Plaintiff, Sulamain Esmyatar, and Oswaldo Daniel Ramos Montes De Oca, filed a First Amended Complaint in the Lawsuit, dismissing their second cause of action for Failure to Provide Accurate, Itemized Wage Statements in Violation of Cal. Lab. Code § 226. The operative First Amended Complaint (FAC) alleges the following three causes of action: (1) Failure to Reimburse in Violation of Cal. Lab. Code § 2802; (2) Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200; and (3) Violation of the Private Attorneys General Act (PAGA) § 2698 et seq (the "FAC"). On June 27, 2022, Defendant answered the FAC.

The Parties engaged in informal and formal discovery targeted at the claims in the FAC and attended mediation with the Honorable Ronald Sabraw (Ret.), on September 22, 2022, after additional informal exchange of documents and information. Two class representatives were removed from the case by motion and by this Court's order [Dkt. 31]. The case did not resolve at the first mediation session. However, after additional negotiations, and several weeks after mediation, Judge Sabraw issued a mediator's proposal which the Parties accepted on December 8, 2022. The parties fully memorialized those terms in the Settlement Agreement., Dkt. 40-1.

A. **The Court Certified a Class for Settlement Purposes and Granted Preliminary Approval to the Settlement Agreement**

On May 19, 2023, the Court granted Plaintiff's Motion for Preliminary Approval, hereinafter, "Order". Dkt. No. 40[2]. The Court's Order: (1) determined that the requirements of Rule 23 were satisfied for purposes of certifying the class under Rule 23(a) and Rule 23(b)(3) for settlement (Id., pp 1-2); (2) appointed Plaintiff as the class representative under Rule 23 and

---

[2] ORDER APPROVING PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY APPROVAL OF THE SETTLEMENT OF CLASS ACTION AND PAGA CLAIMS. The original motion for Preliminary Approval is at Dkt. 34 along with Counsel's declaration at Dkt. 34-1. The Amended Motion, filed after the Court's review, is at Dkt. 39.

appointed Plaintiff's attorneys as Class Counsel (Id., at p.3); (3) preliminarily approved the Parties' class action settlement agreement (Id., at p. 2); and (4) ordered that notice of the settlement be directed to the Class in the form and manner proposed by the Parties (Id., at p.3]). The Court subsequently set August 31, 2023 as the time for the Fairness Hearing. Dkt. No.40.

Counsel provided notification of the settlement to the California LWDA. (Kumin Decl. ISO Final Approval, ¶13).

**B.  Settlement Fund**

The Settlement preliminarily approved by the Court provides for Defendant to make a non-reversionary settlement payment to the Class of $420,000 (the Gross Settlement Amount) to compensate Class Members, pay reasonable attorney's fees and costs (up to $139,986 in fees and approximately $41,287.62 in costs, as determined by the Court), pay a service payment of $5,000 to the Class Representative if the Court approves the request, pay the PAGA award, and pay costs of the Settlement Administrator ($24,500). All of the foregoing payments will be made from the Gross Settlement Amount. (Dkt. 40-1, Settlement ¶III.B.1-5.)

Checks will be mailed directly to each Class Member—no further action is required for a Class Member to receive a check. There will be a 180-day check cashing period for initial settlement payments. (Settlement ¶III.B.6.) Following that initial distribution, any uncashed amount shall be redistributed to those class members who cashed their checks in the initial distribution. If less than $25,000 remains uncashed after the initial distribution, the residual amount shall be donated to a cy pres recipient, The Justice and Diversity Center of the Bar Association of San Francisco. Id., ¶III.B.6. (See, e.g., *Nachshin v.AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011); *Kempen v. Matheson Tri-Gas, Inc.*, No. 15-CV-00660-HSG, 2017 WL 475095, at *6 (N.D. Cal. Feb. 6, 2017).* )

PAGA Payment. The PAGA Payment amount is $20,000, which the Parties have agreed is to be paid in settlement of all PAGA claims released in this Settlement Agreement. The PAGA payment shall be allocated as follows:

- Within forty (45) days of the Effective Date, the Settlement Administrator shall pay from the Qualified Settlement Account $15,000 to the State of California LWDA. This amount is 75% of the $20,000 PAGA Payment.

- The remaining 25% of the PAGA Payment ($5,000) shall be distributed to all PAGA Aggrieved Employees, with each receiving a pro rata share based on the number of pay periods worked during the PAGA Period. To establish the pay period value, the Settlement Administrator will first determine the total number of pay periods worked by the PAGA Aggrieved Employees during the PAGA Period. The pay period value will be equal to 25% of the PAGA Payment divided by the total number of pay periods worked by PAGA Aggrieved Employees during the PAGA Period. The pay period value will be rounded to the nearest cent. The amount of the PAGA Payment paid to each PAGA Aggrieved Employee will be determined by multiplying the pay period value by the total number of pay periods each PAGA Aggrieved Employee worked during the PAGA Period. (Dkt. 40-1, Settlement, III.B.3&6.)

**C. Plan of Distribution to Class Members.**

Distributions to Class Members will be made from the net Settlement Fund after deductions are made for the Settlement Administrator's reasonable costs, court-approved attorney's fees and costs, and any court-approved service payment to the Plaintiff. The funds available for distribution to the Class are estimated to be approximately $189,000, for a class of approximately 3876 past and present employees. Kumin Decl. ISO Final Approval, ¶8. Class Members are not required to submit claims or take any other affirmative action to be entitled to their shares as noted above. Id., ¶10. Plaintiff has moved separately for an award of attorney's fees and costs, and for a Class Representative Service Payment, which motions will also be heard at the Final Fairness Hearing scheduled for August 31, 2023.

**1. Net Settlement Fund.**

Each Class Member who was located in the notice process will automatically receive a settlement payment. Class members did not have to submit a claim or fill out a form. (Dkt. 40-1, Settlement ¶III.B.5.a. ) Checks sent to Class Members shall be valid for 180 days. Any funds from uncashed checks shall revert to the Settlement Fund and if the total exceeds $25,000, a second

set of checks be sent to Class members in proportion to their share of the Settlement Fund. If the amount is below $25,000, those proceeds shall be distributed to the cy pres recipient, the Justice and Diversity Center of the Bar Association of San Francisco or another organization agreed to by the parties and approved by the Court. Id., III.B.5-6.

**D.     Release of Claims**

The Settlement Agreement provides that all Class Members who do not opt out will release Defendant from the following claims:

**Class Member Release.** As of the Effective Date, all Settlement Class Members, fully and finally release the Released Parties from any and all claims that arose during the Settlement Class Period based on, or arising out of, the facts, theories, and/or primary rights alleged in the Complaint or First Amended Complaint in the Lawsuit, including without limitation for reimbursement for business expenses or any other claim that Defendant allowed or required employees to bear any of the costs associated with the operation of Defendant's business, including without limitation the use of personal cell phones; inaccurate or otherwise improper wage statements and/or failure to keep or maintain accurate records; any claim for unfair business practices arising out of or related to any or all of the aforementioned claims; any claim for penalties arising out of or related to any or all of the aforementioned claims, including, but not limited to, recordkeeping penalties, wage statement penalties, and waiting time penalties; and attorneys' fees and costs. The claims released by the Settlement Agreement also include any and all claims that are based on, or arise out of, the claims and facts alleged in the Complaint or First Amended Complaint in the Lawsuit, and any claims which could have been asserted in the Lawsuit arising from the alleged facts, theories, and/or primary rights alleged to have been invaded to the fullest extent permitted by law. This release includes claims alleging a violation of the Wage Orders of the California Industrial Welfare Commission; California Business and Professions Code section 17200, *et seq.*; the California Civil Code sections 3287, 3289, 3336, and 3294; California Code of Civil Procedure section 1021.5; and/or alleging a violation of California Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 266.3, 558(a), 558.1, 1174, 1174.1, 1174.5, 1175, 1194, 1197, 1197.1(a), 2698 *et seq.*, and 2802.
(Order, Dkt. No. 40-1, Settlement, III.E (release of claims.))

In addition to these releases, the Agreement also provides that Plaintiff Mohamed Ibrahim, should he be awarded a Court-approved service payment, must execute and provide to Defendant an individual general release (Id., at III.E.3).

///

///

///

///

E.  **Settlement Administration**

1.  **Class Notice.**

Pursuant to the Order Granting Motion for Preliminary Approval (May 19, 2023), on June 23, 2023 the Settlement Administrator mailed the approved Class Notice to putative Class Members identified by McGee (Dancy Decl., ¶7).

2.  **None of the 3876 Class Members Have Opted Out**

Class Members who wish to opt out of the Settlement are required to submit a written and signed request for exclusion by the deadline of August 10, 2023 provided in the Class Notice (Settlement, Dkt. No. 40-2). For a request for exclusion to be timely, it must be mailed to the Settlement Administrator by August 10, 2023 (Id.; ¶10). The Settlement Administrator has received no request for exclusion (Id.) Accordingly, out of a Class of approximately 3876 members, no Class Members have excluded themselves from the settlement.

3.  **Counsel Are Not Aware of any Class Member Objections to the Settlement or any of its Terms as of the Date of this Filing.**

Class Members who have not opted out and who wish to object to the Settlement can do so by submitting written objections to the Court by August 10, 2023, the deadline specified in the parties' Agreement, the Court's Preliminary Approval Order, and as provided in the Class Notice (Dkt. No.40-2). Class Counsel is not aware of any objections so far sent to and filed by the Court. (Kumin Decl. ISO Final Approval, ¶14).

III.  **DISCUSSION**

A.  **Final Confirmation of Class Certification is Appropriate.**

The Order issued after the Preliminary Motion for Approval certified the Class for settlement purposes under Rule 23 of the Federal Rules of Civil Procedure, appointed Plaintiff as the representative for the Class and appointed Plaintiff's attorney as Class Counsel. (Dkt. No.40.) The Court found, for purposes of settlement, that the Class meets all of the requirements for maintenance of a class action under Rule 23(a) and Rule 23(b)(3). (Id., pp.1-2).(Order).

Notice of the class action was directed to all Class Members in a form and manner that complied with Rule 23 (see supra). As noted above, Class Counsel is not aware of any objections

by Class Members to any aspect of the proposed settlement and none of the approximately 3876 Class Members have opted out. After the August 10, 2023 deadline for opting out of or objecting to the settlement passes, Cass Counsel will update the court regarding opt-outs and objections in a declaration or other form of filing. For these reasons, and for the reasons set forth in Plaintiffs' <u>Amended</u> Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 39), the Court should confirm the certification of this action as a settlement class action and the appointment of Plaintiff Ibrahim as the Class Representative.

**B.     Final Settlement Approval is Appropriate.**

In order to approve a settlement that would bind class members, the court must find, after notice and a hearing, that the proposed settlement is "fair, reasonable, and adequate." FRCP 23(e)(2). "[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." (*In re Syncor Erisa Litig., 516 F.3d 1095, 1101 (9th Cir.2008)*). "Despite the importance of fairness, the court must also be mindful of the Ninth Circuit's policy favoring settlement, particularly in class action lawsuits." (*In re Omnivision Tech., Inc., 559 F.Supp.2d 1036, 1041 (N.D. Cal. 2008) (Conti, J.)*). While "[t]he court must find that the proposed settlement is fundamentally fair, adequate, and reasonable" (id., at 1040), "the court's inquiry is ultimately limited 'to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties.' ... The court, in evaluating the agreement of the parties, is not to reach the merits of the case or to form conclusions about the underlying questions of law or fact." *Ibid*. (*citation omitted; quoting Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982)*).

**1. The settlement is entitled to a strong presumption of fairness.**

"When seeking final approval, plaintiffs may establish a presumption of fairness by demonstrating: '(1) [t]hat the settlement has been arrived at [through] arm's-length bargaining; (2) [t]hat sufficient discovery has been taken or investigation completed to enable counsel and the court to act intelligently; (3) [t]hat the proponents of the settlement are counsel experienced in similar litigation; and (4) [t]hat the number of objectors or interests they represent is not large

when compared to the class as a whole." (*Trew v. Volvo Cars of N. Am., LLC*, No. 05-1379, 2007 WL 2239210, *2 (E.D. Cal. Jul. 31, 2007*) (quoting Alba Conte and Herbert B. Newberg, Newberg on Class Actions § 11:41 (2006)); see *Wren v. RGIS Inventory Specialists*, No. 06-05778, 2011 WL 1230826, *6 (N.D. Cal. Apr. 1, 2011) (Spero, M.J.*)) (initial presumption of fairness is usually established if settlement is recommended by class counsel after arm's-length bargaining).

In this case, as discussed more extensively in Plaintiffs' <u>Amended</u> Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 39), and in Plaintiff's Motion for Attorney's Fees, filed separately; (1) Class Counsel is an experienced plaintiff's employment attorney with experience in class action, wage and hour cases and his consultant (who would have joined the case as co-counsel had the matter not settled) is highly experienced in class action wage and hour litigation; (2) Plaintiff intensely investigated the class at the various locations and worked with Defendants to informally exchange information critical for the evaluation of the claims. That allowed Class Counsel to act intelligently in negotiating and recommending the settlement; (3) Plaintiff deposed a key manager whose information assisted Plaintiff in further evaluating a number of factual issues, including the question of access to company-supplied communication devices. Kumin Decl. ¶5. Plaintiff also responded to Defendant's discovery; and, (4) the Parties arrived at the settlement through arms-length bargaining involving competent and experienced counsel. In addition, as of this time, there are no objectors to the settlement (Kumin Decl., ¶14). For these reasons, there is a strong presumption that the proposed settlement is fair to the Class. (*Trew*, 2007 WL 2239210 at *2; see *Wren*, 2011 WL 1230826 at *6.)

**2. The settlement is fair, reasonable, and adequate.**

The Ninth Circuit has identified several factors the district court should consider, as applicable, in reaching its determination of whether a proposed class action settlement is fair, reasonable, and adequate.

The district court's ultimate determination will necessarily involve a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of

discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. (*Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982)*). "This list is not exclusive and different factors may predominate in different factual contexts." (*Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1376 (9th Cir. 1993)*)). All the relevant factors identified by the Ninth Circuit weigh in favor of settlement approval in this case.

### a. The strength of Plaintiffs' case and the risk of maintaining class action status throughout the trial.

Plaintiff is convinced of the strengths of his and the Class's claims. However, Defendants are equally adamant about the strength of their defenses. Plaintiff's claims and Defendant's defenses give rise to a number of critical, disputed factual and legal issues that go to the core of Plaintiff's claims and theories of liability and, by extension, to Plaintiff's entitlement to recover damages and penalties, and/or the proper measure of damages.

As is set forth in greater detail in Plaintiffs' <u>Amended</u> Motion for Preliminary Approval, (Dkt. No. 39) while this is a strong case for class certification and for maintaining class status through trial, there is substantial risk that Plaintiff and the Class could lose on the merits. Plaintiff would have to prevail over Defendant's arguments that personal cell phone use was strictly voluntary, not mandatory, and unnecessary. At the very least, litigating these issues would require costly, complicated discovery, summary judgment practice, and, in all likelihood, trial; whether Plaintiff would prevail remains uncertain; and appeals would almost certainly follow any ruling by this Court. By contrast, the Settlement provides reasonable recoveries to class members now without that uncertainty and delay. The risks and uncertainties facing the claims of Plaintiff and the Class weigh in favor of settlement approval. (Kumin Decl., ¶9, 19.)

//
//
//
//

**b. The risk, expense, complexity, and likely duration of further litigation.**

Whatever the strength of their claims, Plaintiff and the Class nonetheless faced numerous obstacles to recovery, including likely challenges to the use of representative testimony and expert witnesses to establish class-wide liability and aggregate damages, challenges to Plaintiff's methodology for calculating damages and penalties, and having to defend against Defendant's defenses. Further, despite the suitability of this matter for class treatment, the litigation regarding class certification would also have been expensive and time-consuming. Assuming the Court certified a class action for trial, Defendant could have appealed from a class certification order, which might have delayed the proceedings considerably and been very expensive. Additionally, if this case had proceeded to trial, the time and expenses associated with trial preparation would have been considerable. The parties would have had to prepare expert reports and conduct expert discovery, prepare and defend against motions in limine, draft trial briefs, prepare deposition designations and trial exhibits, and, ultimately, try the case. A class action trial in this case would be manageable, but it would also be complex, expensive, and extremely time-consuming. Even if Plaintiff and the Class obtained a favorable verdict and judgment on their claims, Plaintiff and the Class would face additional expenses and delay if, as is likely, Defendant was to appeal. Taken together, these considerations support approval of the settlement. (Kumin Decl. ¶9,19).

  **c. Settlement Amount.**

In determining whether a settlement is fair, reasonable, and adequate, the court must consider the amount offered in settlement. (*Officers for Justice*, 688 F.2d at 625.) Under the terms of the Agreement, Defendant is required to make a non-reversionary settlement payment of $420,000. Class Members stand to recover on average $48.82 and some members will receive checks of more than $300. (Kumin Decl. ISO Final Approval, ¶8, Dancy Decl. ¶14).

The settlement payments are significant amounts in absolute terms, and they are also significant amounts when viewed in the context and impact of the case. Within months of the filing date of this case, Defendant notified its employees that, going forward, it would make a payment of $5.00 per employee per month for cell phone use.

Defendant will pay the entire $420,000 settlement amount, which will not revert to Defendant. Class Members are not required to submit claims or take any other action to receive their settlement shares, which should result in a much higher percentage of the Class receiving money under the Settlement than would be the case if some affirmative action were required. After 180 days, if any Class Member checks are not cashed, and the total funds remaining are greater than $25,000 there will be a second distribution of checks to those Class Members who cashed their initial checks. If the total funds remaining are less than $25,000, they will go to the Court-approved cy pres, which the parties propose should be the Justice and Diversity Center of the Bar Association of San Francisco (Dkt. No. 40-1, III.B.6.b.)

These amounts are particularly meaningful when one considers the serious risks and uncertainties Plaintiff and the Class faced in the litigation with regard to class certification, whether Defendant will succeed on their defenses and whether Plaintiff will succeed in proving liability for damages, as well as the amounts of damages the Class might recover in the event that Plaintiff could establish liability. Simply put, this is a case involving many difficult claims and risks.

Considering the risks and uncertainties in the litigation, including the risks that class certification might be denied, the risks of losing some or all claims on the merits, the risks of otherwise not recovering all the monetary relief sought, and the certain delay in any recovery by not settling, the $420,000 Settlement Fund payment provided for by the Settlement represents very good value for the Class and weighs strongly in favor of final settlement approval.

### d. Extent of discovery and investigation completed.

This factor examines the extent of discovery the parties have completed and the current stage of the litigation to evaluate whether "the parties have sufficient information to make an informed decision about settlement." (*Linney v. Cellular Alaska Partnership, 151 F.3d 1234,1239 (9th Cir. 1998)*).

As detailed in Plaintiffs' <u>Amended</u> Motion for Preliminary Approval and in the accompanying Declaration of Matthew Kumin (Dkt. Nos. 39, 34-1), Plaintiff, through his Class Counsel, conducted an extensive investigation that began pre-filing and continued through settlement. Class Counsel even convened focus groups (Kumin Decl. ISO Final Approval,¶5.

Plaintiff and Defendant exchanged information informally, plus, Plaintiff deposed a key manager. Defendant promulgated discovery which Plaintiff answered. Given the scope and amount of discovery and investigation completed, Plaintiff had more than sufficient information to make an informed decision about settlement. This factor weighs heavily in favor of final settlement approval.

### e. Experience and views of counsel

As detailed in Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 46), and in the accompanying attorney declarations, Class Counsel has had extensive experience and success litigating, trying, and settling wage and hour class actions (See, Motion for Attorney's Fees and Costs and the Declaration of James Finberg in Support of Plaintiffs' Motion for Attorneys' Fees and Expenses (Dkt. 46); Declaration of Matthew Kumin in Support of Plaintiffs' Motion for Attorneys' Fees and Expenses (Dkt. No. 46). Class Counsel is very knowledgeable about the strengths, weaknesses and potential value of the Class's claims (Kumin Decl. ISO Preliminary Approval (Dkt. No. 34). Class Counsel believes that the amount of the settlement is "fair, reasonable, and adequate," and that, considering the risks of continued litigation, this settlement is within the range of reasonableness and is fair to the Class (Kumin Decl., ¶20). Class Counsel's experience and view of the settlement are factors weighing in support of final settlement approval. (*See, e.g., Wren, 2011 WL 1230826 at \*10)*.

### f. Class Members' reactions to the proposed settlement.

As detailed above, at the time of this filing, out of the approximately 3876 Class Members, no Class Member submitted any objections and none of the Class Members have opted out. With no objections filed and no opt outs, the Class is signaling a favorable view of the settlement. This factor too weighs in favor of final settlement approval. (*Officers for Justice*, 688 F.2d at 625; *Nat'l Rural Telecomm. Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members"); see also *Garner v. State Farm Mut. Auto. Ins. Co.*, No. 08-1365, 2010 WL 1687832, at \* 14 (N.D. Cal.Apr. 22, 2010) (Wilken, J.) (citing Nat'l Rural Telecomm. Cooperative)).

To conclude, the proposed settlement is presumptively fair, and all the relevant factors set forth by the Ninth Circuit for considering whether to approve a class action settlement weigh in favor of granting final approval to the proposed settlement in this case. Therefore, the Court should grant final approval to the settlement.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court should grant his Motion for Final Approval, enter the proposed order, and enter judgment.

DATED: July 27, 2023          THE LAW OFFICES OF MATTHEW KUMIN


   /s/Matthew Kumin
Matthew Kumin
Class Counsel and Counsel for Plaintiff
And PAGA Representative