MATTHEW KUMIN (SBN 177561)
Law Office of Matthew Kumin
914 West. 6th Street, Suite A
Tel. and Fax: (415) 655-7494
E-mail: matt@mattkuminlaw.com
Attorneys for Plaintiff and
the Class and PAGA Representatives

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Mohamed Ibrahim on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>McGee Air Services Inc., a Washington Corporation, and Does 1 through 50, Inclusive,<br><br>Defendants. | Case No.: 3:22-CV-00744-VC<br><br>**[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AWARD OF ATTORNEYS FEES; AND AWARD OF CLASS REPRESENTATIVE INCENTIVE AWARD AS MODIFIED** |

    Plaintiff's unopposed Motions for Final Approval of Class Action Settlement, for Attorneys' Fees, and for the Class Representative's Incentive Award came before this Court on September 14, 2023, at 1:30 p.m. The proposed settlement in this case was preliminarily approved by this Court on May 19, 2023. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e). The Court has reviewed the materials submitted by the parties and has heard arguments presented by counsel at the hearing.

    For the reasons cited on the record as well as those stated hereafter, the Court HEREBY FINDS, ORDERS, AND ADJUDGES as follows:

1  The Court hereby grants final approval of the Class Settlement based upon the terms set forth in the Preliminary Approval Order and Settlement ("Settlement" or "Settlement Agreement") filed by the parties. Except as otherwise specified herein, for purposes of this Final Approval Order, the Court adopts all defined terms set forth in the Settlement.

The Court finds that this action satisfies the requirements of Rule 23 and further finds that the Class has at all times been adequately represented by the Named Plaintiff and Class Counsel.

The Notice approved by the Court was provided by First Class direct mail to the last-known address of each of the individuals identified as Class Members. The Notice adequately described all of the relevant and necessary parts of the proposed Settlement Agreement, the request for a service award to the Named Plaintiff, and Class Counsel's motion for an award of attorney's fees and costs.

The Court finds that the Notice given to the Class fully complied with Rule 23 was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class Members.

The Court has concluded that the Settlement, as set forth in the Settlement Agreement executed by the parties, is fair, reasonable, and adequate. Each Class Member will be bound by the Settlement and all terms and provisions of the Settlement. The Court finds that the Settlement is rationally related to the strength of Plaintiffs' claims given the risk, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of the Class and Defendant, after factual and legal investigation. The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the $420,000 Gross Settlement Amount established pursuant to the Settlement Agreement. Out of the identified Class Members who were notified, none have objected to any aspect of the proposed settlement, and none have opted out.

The Settlement is HEREBY APPROVED in its entirety.

The Court has jurisdiction over the subject matter of this lawsuit and over all members of the Settlement Class.

The Court retains exclusive jurisdiction over this matter, and the Parties submit to such exclusive jurisdiction, with respect to effectuating and supervising the interpretation, implementation, and enforcement of the Settlement Agreement and any disputed questions of law or fact related thereto as provided in the Agreement.

The Gross Settlement Fund shall be dispersed in accordance with the Settlement Agreement as detailed in the Motion for Preliminary Approval of Class Action Settlement, granted on May 19, 2023, except as provided below:

CPT, appointed as the Claims Administrator, is awarded its fees and expenses of $24,500.

The Court also awards Plaintiff's counsel attorneys' fees representing 25% of the Common Fund, a total of $105,000. This is a reasonable fee and comports with the 9th Circuit's benchmark for awards of class action attorneys' fees. Plaintiff's counsel is also awarded reasonable costs incurred totaling $41,287.62 to be paid from the Common Fund, all of which were necessary to the prosecution of this action and benefitted the Class.

Within 21 days after the settlement funds have been fully distributed to class members (but before distribution to any cy pres recipients), class counsel will file a Post-Distribution Accounting, as described in the Northern District's Procedural Guidance for Class Action Settlements. The purpose of this notice is to inform the Court about the administration of the settlement, and it will include (at least) the number of members who were sent payments, the number of cashed and uncashed checks, the number of members who could not be contacted, the amount to be distributed to each cy pres recipient, and any significant or recurring concerns communicated by members to the settlement administrator and counsel since final approval (as well as any other issues with settlement administration since final approval) and how those concerns were resolved.

The Court withholds 10% of the attorneys' fees granted in this Order until after the Post-Distribution Accounting has been filed. With the Post-Distribution Accounting, class counsel will submit a proposed order releasing the remainder of the fees.

The Class Representative, Mohamed Ibrahim, provided valuable services to the Class.

Therefore, the Court awards him a service award of $5,000.

The Action is hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Settlement Agreement, including over disbursement of the Settlement Fund. If for any reason, the Settlement ultimately does not become final, this Final Approval Order will be vacated, the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement.

The Clerk shall enter Final Judgment pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58(a).

**IT IS SO ORDERED, ADJUDGED, AND DECREED** and that this action is hereby dismissed with prejudice as to Plaintiff and the Settlement Class Members and final judgment shall be entered in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Settlement, and this Order.

Dated: September 26, 2023

VINCE CHHABRIA
United States District Judge