MATTHEW KUMIN (SBN 177561)
914 West 6th Street, Suite A
Benicia, CA 94510
Tel. and Fax: (415) 655-7494
E-mail: matt@mattkuminlaw.com
Attorneys for Plaintiff and
the Class and PAGA Representatives

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mohamed Ibrahim on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>McGee Air Services Inc., a Washington Corporation, and Does 1 through 50, Inclusive,<br><br>Defendants. | Case No.: 3:22-CV-00744-VC<br><br>**POST-DISTRIBUTION ACCOUNTING; REQUEST TO RELEASE ATTORNEY FEE HOLDBACK** |

    Pursuant to this Court's Order/Judgment ("Order") granting final approval of the Class settlement and ordering a Post-Distribution Accounting, Dkt. 55 (3:14-27), including a provision in that Order withholding 10% of Class Counsel's awarded attorney fees until Class Counsel files this Post-Distribution Accounting, Class Counsel submits the following:

    Accompanying this report is the Declaration of CPT ("CPT Decl."), the court-appointed third-party administrator, through its representative, Jennifer Forst. That Declaration includes the

Post-Distribution Accounting; Request To Release Attorney Fee Holdback
Ibrahim v. McGee Air Services
3:22-CV-00744-VC

information this Court required in its Order along with additional, relevant data points required by the Northern District in its Procedural Guidance for Class Action Settlement for post-distribution accountings.[1]

This Court ordered the following information to be included in this report:

CPT sent checks to 3,876 class members on December 14, 2023, with a 6-month period to cash them. (CPT Decl., ¶ 3). Of those checks, 1582 checks remained uncashed after 6 months, totaling $38,480.33 with 2,294 checks cashed totaling $190,732.29. (Id., at ¶ 22.) Of the 3876 class notice packets CPT sent to class members, 42 notice packets were undeliverable. (Id. at ¶3). Since the $38,480.33 in uncashed checks is more than the $25,000 threshold for a *cy pres* distribution, on June 18, 2024, CPT issued and sent 2294 checks totaling $38,480.33 to class members who had previously cashed their Individual Settlement Payment. (Id. ¶'s 23, 24). CPT will transmit any uncashed funds from the second distribution to the *cy pres* recipient, the Justice and Diversity Center of the Bar Association of San Francisco, after December 16, 2024. Id. at ¶24.)

---

[1] *Post-Distribution Accounting* [from the Procedural Guidance]
1)  Within 21 days after the settlement checks become stale (or, if no checks are issued, all funds have been paid to class members, cy pres beneficiaries, and others pursuant to the settlement agreement), the parties should file a Post-Distribution Accounting (and post it on the settlement website), which provides the following information:
   a. The total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average, median, maximum, and minimum recovery per claimant, the method(s) of notice and the method(s) of payment to class members, the number and value of checks not cashed, the amounts distributed to each cy pres recipient, the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, plaintiffs' counsel's updated lodestar total, and the lodestar multiplier.

Post-Distribution Accounting; Request To Release Attorney Fee Holdback
Ibrahim v. McGee Air Services
3:22-CV-00744-VC

Class Counsel requests that this Court authorize CPT to distribute the remaining, undistributed attorney fees, totaling $10,500, in its order. Defendant did not oppose Plaintiff's motion for attorneys' fees and does not oppose the relief requested in this post-Distribution Report.

Class Counsel therefore seeks this Court's orders as follows:

1. That the accounting provided in this filing be approved;

2. That Class Counsel file a final post-Distribution Accounting within 21 days after December 16, 2024; and,

3. That Defendant McGee, through the Court-appointed, third-party Administrator, CPT, release to Class Counsel the $10,500 in fees held back pursuant to the Approval Order.

DATED: June 24, 2024          THE LAW OFFICES OF MATTHEW KUMIN, APC.

/s/Matthew Kumin<br>Matthew Kumin, Class Counsel

Post-Distribution Accounting; Request To Release Attorney Fee Holdback
Ibrahim v. McGee Air Services
3:22-CV-00744-VC